## Fifth Street.

*Road law—Change of grade—Right to damages—Owner—Title—Waiver of damages—Dedication.*

Where a person purchased land by an unrecorded agreement by which he was to pay for the land in installments, and not to receive a deed until one half the purchase money had been paid, and thereafter, and before one half of the purchase money had been paid, or a deed delivered, the vendor dedicated to the public a portion of the land as a street, the purchaser is not entitled to damages for a change of grade of the street made before he had paid one half of the purchase money, or received a deed. Such a purchaser is not an "owner" within the meaning of the Act of May 16, 1891, P. L. 75.

Argued Oct. 24, 1902. Appeal, No. 180, Oct. T., 1902, by John Bowman, from order of C. P. No. 5, Phila. Co., June T., 1901, No. 840, striking off an award of a jury of view in In re Change of Grade of Fifth Street from Tabor Road to Olney. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to award of jury of view.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order striking off award in favor of John Bowman.

*E. Spencer Miller*, with him *Frazier & Frazier*, for appellant.—That Bowman had the equitable ownership appears from the fact that he was vendee under a contract for purchase by him of the property, and had paid part of the purchase money: Morgan v. Scott, 26 Pa. 51, 54; Brewer v. Fleming, 51 Pa. 102, p. 113; Miller v. Zufall, 113 Pa. 317; Kinports v. Boynton, 120 Pa. 306, 318.

It is held that an equitable owner of real estate may bring an action of trespass: McCurdy v. Potts, 2 Dall. 98; Baker v. King, 18 Pa. 138; Miller v. Zufall, 113 Pa. 317; Arnold v. Pfoutz, 117 Pa. 103, 110; Irwin v. Patchen, 164 Pa. 51, 67; and so also trover and replevin: Brewer v. Fleming, 51 Pa. 102, p. 115.

An equitable owner may sue in ejectment: Kennedy v. Fury, 1 Dall. 72; Presbyterian Congregation v. Johnston, 1 W & S. 9; Kensinger v. Smith, 94 Pa. 384; Schnyder v. Orr, 149 Pa. 320.

An action of partition can be brought by an equitable owner: Willing v. Brown, 7 S. & R. 467; Longwell v. Bentley, 23 Pa. 99; Hayes's Appeal, 123 Pa. 110; Hanna v. Clark, 189 Pa. 321, p. 334.

The right to recover damages for an exercise of eminent domain has never been limited to the owner of the fee. It is well settled that a tenant for life has the right to maintain a claim independently or in connection with the lessor: Harrisburg v. Crangle, 3 W. & S. 460; Railroad v. Boyer, 13 Pa. 497.

The estate of lessee for years, also, is an ownership sufficient to give a right to compensation: Mine Hill & Schuylkill Haven, R. R. Co. v. Zerbe, 2 Walker's Supreme Ct. Cases, 409; Turnpike Road v. Brosi, 22 Pa. 29; Brown v. Powell, 25 Pa. 229; Dyer v. Wightman, 66 Pa. 425; Getz v. Phila. & Reading R. R., 105 Pa. 547; Penna. R. R. Co. v. Eby, 107 Pa. 166.

*James Alcorn*, with him *John H. Maurer* and *John L. Kinsey*, for appellee.—Only the owner of property at the time of the injury is entitled to claim damages: Workman v. Mifflin, 30 Pa. 362; Strickland v. Penna. R. R. Co., 154 Pa. 348.

A judgment entered against Ritter would be a lien upon the property: Kinports v. Boynton, 120 Pa. 306.

"Owner" does not include a person who holds merely a

parol contract for the conveyance of property to him when he shall have paid the purchase money, and who has paid a part but not all of it: Ruggles v. Nantucket, 65 Mass. 433; Tracy v. Reed, 38 Fed. Repr. 69; Righter v. Philadelphia, 161 Pa. 73.

It is not a question of a covenant running with the land: Evans v. Taylor, 177 Pa. 286.

OPINION BY ORLADY, J., February 11, 1903:

From the record it appears that Fifth street between Tabor street and Olney avenue was graded pursuant to an ordinance of the city approved February 13, 1901, and that the work was completed on July 22, 1901. A jury of view filed a report awarding to John Bowman $236.25 as damages, and in the report they find that Fifth street from Tabor street to Olney avenue was dedicated for the purpose of a public street to the city of Philadelphia by Howard A. Ritter, whose deed, dated April 10, 1900, was accepted by the board of surveyors on April 30, 1900, and recorded on June 15, 1900, in the office of the recorder of deeds, in and by which deed of dedication, the said Howard A. Ritter, being at the time the owner of a number of lots abutting upon said Fifth street, and the owner in fee of the bed of said Fifth street, waived all claims for damages by reason of any change of grade of Fifth street between Tabor street and Olney avenue. It is further found as a fact " that John Bowman, who was awarded the sum of $236.25, as damages to lot marked on the plan ' A. Howard Ritter,' situate on the west side of Fifth street south of Olney avenue, on September 1, 1899, entered into an agreement with A. Howard Ritter, the legal owner of said lot, for the purchase of said lot for the sum of $260, of which the sum of five dollars was to be paid at the time of the signing of said agreement, and the balance in fifty monthly installments of five dollars each, until the whole purchase price should be paid, which agreement provided that when one half of said purchase price of $260 should be paid, a deed in fee simple was to be executed. At the time of the filing of the report, one half of said purchase money had not been paid, nor had a deed been executed and delivered by said A. Howard Ritter to said John Bowman, and the legal title to said lot still remains in A. Howard Ritter, who has waived all claims

for damages as appears by deed of dedication above referred to." Exceptions to the award by the jury of view were filed on behalf of the city and were sustained by the court below. Subsequently, the appellant obtained a rule on the city to show cause why the award to John Bowman should not be confirmed to A. Howard Ritter to the use of John Bowman, which rule was discharged by the court below, and from these decrees John Bowman brings this appeal. From this record it appears that on July 22, 1901, when the physical grading of Fifth street had been completed, the appellant, John Bowman, was not in possession of the premises, nor was he entitled to possession. He did not have a deed for the premises, nor was he entitled to one from Ritter for the reason that he had not paid one half of the purchase money provided for in the article of agreement. He had merely an equitable right in an executory contract which would entitle him to a deed for the premises after performance by him of certain conditions therein mentioned, and in regard to which he was then in such default as to preclude him from enforcing his contract with Ritter. Bowman claimed to be the owner of the land, and the question presented is whether he was such an owner of property at the time of the change of grade as would entitle him to the damages awarded, and whether he is bound by the deed of dedication of Ritter to the city. In Schott v. Harvey, 105 Pa. 222, the question for determination was whether the defendant was the owner of a mill, within the meaning of the Act of June 11, 1879, P. L. 128, providing for the erection of fire escapes, etc.; and it was held that the meaning of the word depends in a great measure upon the subject-matter to which it is applied, and that in that case the legislature intended such an owner as is in the possession and occupancy of the premises, who has the immediate dominion and control over it and the manner of whose use of it makes a fire escape necessary; which was followed in Keeley v. O'Connor, 106 Pa. 321.

It would be contrary to reason to award damages under the Act of May 16, 1891, P. L. 75, under which statute these proceedings were instituted, to any other person than the owner of the premises affected; the only persons entitled to be heard in regard thereto are "any party whose property is taken, injured or destroyed," and "any party interested in any assess-

ment of damages or benefits." Bowman cannot be said to be the owner of this real estate when he had neither actual nor constructive possession, nor right of possession, nor an outstanding title which entitles him to possession, nor the right of property in the land. DeWitt v. Lehigh Valley Railroad Co., 21 Pa. Superior Ct. 10, does not apply to the case before us, that being a matter of distribution of a fund paid into court and which represented damages which, strictly speaking, were not the proceeds of real estate bound by the lien of a decedent's debts, but realty that was injured and destroyed by fire. The whole title of all parties in interest was before the court and distribution was made of the whole fund. It is not even stated that the agreement between Ritter and Bowman was in writing, but if in writing it was not placed on record. Under the general road act of June 13, 1836, an owner of land is the only person entitled to damages. An owner is defined to be he whose domination of a thing, real or personal, corporeal or incorporeal, which he has a right to enjoy or do with as he pleases (17 Am. & Eng. Ency. of Law, 299) ; the person having the legal title or estate thereto or therein, not one who by contract or otherwise has a mere equity therein or a right to compel the conveyance of such legal title or estate to himself : Tracy v. Reed, 38 Fed. Repr. 69. An owner does not include a person who holds merely a parol contract for the conveyance of property to him, when he shall have paid the purchase money and who has paid a part but not all of it : Ruggles v. Nantucket, 65 Mass. 433. Ritter's conveyance to a stranger on June 15, 1900, would be good as against Bowman's title under his article of agreement in an action of ejectment, and his deed of dedication to the city of the fee in the bed of Fifth street, waiving all claims for damages by reason of any change of grade, is a bar to Bowman's claim for these damages. Had this street been opened by a jury of view in the quarter sessions, the release of Ritter as the legal owner of the property at the time (June 15, 1900), would be a bar to a claim by Bowman for damages : Righter v. Philadelphia, 161 Pa. 73. The deed of dedication was secured and the damages released by the registered owner who held the legal title to the property at a time when there was no recorded outstanding charge against the title, which conveyance and release are a bar to the claim of this appellant.

He has no such interest as would entitle him to relief in having the record amended by asserting his claim through the name of the legal owner. The whole title of Ritter to the fee of the street was conveyed to the city by the deed of dedication and all damages were released so that there was nothing left in that conveyance on which to support the claim of Bowman.

The assignments of error are overruled and the decree of the court below is affirmed.

W. D. PORTER, J., dissents.