## Sedgley Avenue.  Lehigh Avenue.

217   313
f225   130

*Road law—Damages—Change of grade—Act of May 26, 1891, P. L. 117.*

Where in proceedings under the Act of May 26, 1891, P. L. 117, viewers have allowed damages for the opening and grading of a street to an established grade, a subsequent purchaser of land abutting on the street cannot recover damages for the physical change of grade to the established grade.

Argued Jan. 17, 1907.  Appeal, Nos. 185 and 186, Jan. T., 1906, by William F. Read, from order of C. P. No. 1, Phila. Co., Dec. T., 1903, Nos. 1,998 and 1,999, making absolute rule to quash appeal for appointment of viewers In re Change of Grade of Sedgley and Lehigh Avenues. , Before MITCHELL C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to quash petition to appoint viewers.

BEITLER, J., filed the following opinion :

The petition of William F. Read set out his title to a lot at Lehigh avenue and Nineteenth street, and that under an ordinance of 1900 the city has graded Lehigh avenue, the street being cut down several feet below the surface of petitioner's lot, thereby causing him damage.

To this petition the city filed an answer setting out : That Lehigh avenue from Seventeenth street to Twenty-first street was placed upon the confirmed plan on October 30, 1839, and that the last grade was confirmed January 4, 1892, and that since that date there has been no change of lines or grades of the avenue ; that on March 25, 1892, upon petition filed in the quarter sessions praying for viewers to determine the necessity of opening Lehigh avenue from Seventeenth street to Twenty-first street, the court appointed viewers who decided in favor of the opening, and filed a report on July 20, 1893, awarding damages and assessing benefits.  Exceptions were filed, whereupon the court referred the report back to the viewers who filed a supplemental report on June 21, 1894, which the court of quarter sessions confirmed on October 6, 1894.  With the

report was filed an affidavit of service of notice of the appointment of the viewers and the place and date of their first meeting, on the property owners and tenants along the line of the said Lehigh avenue. With the report was filed a plan showing the lines and grades confirmed on January 4, 1892. That pursuant to the Act of May 26, 1891, P. L. 117, considering the injury arising by reason of opening and grading the avenue according to the plan, they had awarded damages to the estate of Andrew Root from which the petitioner acquired title in 1895, and the damages were paid by the city. That two other claimants, John C. Frishmuth and the Hale & Kilburn Manufacturing Company, acquired title from the heirs of John H. Smaltz, to whom damages were awarded and paid. That the grading under the ordinance of 1900 was completed November 3, 1903, and that the avenue was graded to the lines and grades established on the confirmed plan of January 4, 1902, and in accordance with the plan filed with the viewers' report in the quarter sessions. That Lehigh avenue, from Glenwood avenue to Twenty-first street, is within the limits of Lehigh avenue between Seventeenth and Twenty-first streets. That the petitioner is not entitled to a jury because "the damages by reason of the grading of Lehigh avenue have been adjudicated by the report confirmed on October 6, 1894, and because his predecessors in title have been awarded and paid damages for the injury due to the grade."

The answer prays that the appointment of viewers heretofore made be set aside and the petition quashed.

The petitioner put the case in the list for argument on the petition and answer. From the petition and answer the following brief history of the case may be made up:

Lehigh avenue from Glenwood avenue to Twenty-first street was graded, the work being completed on or about November 3, 1903. The said street was graded in front of petitioner's and the property of the other claimants to the lines and grades established on the confirmed plan on January 4, 1892, and in accordance with the plan filed in the proceedings to open said Lehigh avenue between Seventeenth and Twenty-first streets.

The question thus raised is important. The Act of May 26, 1891, P. L. 117, provides: "That in all cases of assessment

of damages for the opening or widening of any street or highway in any city in this commonwealth, the award of damages, if any, shall include the damage due to the grade at which said street or highway is to be opened or widened and the plan attached to the report of the viewers awarding the damages shall have therein a profile showing the existing grade."

The city contends that the petitioner and the other claimants have no standing, because all the injury due to the grade has already been adjudicated in the proceedings to open the street. In that proceeding the grades were considered and damages awarded therefor.

In Pusey v. City of Allegheny, 98 Pa. 522, it was held that the plaintiff was entitled to recover not only for the land taken in the opening of the street, but for damages to the remainder of the property " consequent upon the construction of the street, its grades, cuts, slopes, fills and walls."

In point of fact, the viewers assessing damages for an opening never could consider the question apart from the effect the grade had upon the land left after the opening. To cut fifty feet, say, out of a tract was one thing, and the damages resulting therefrom not usually difficult to ascertain, but when the new highway was to be above or below the natural surface of the land abutting upon the new street, a new element was introduced and one which witnesses and viewers could not eliminate in fixing the damages. To avoid uncertainty, to prevent two actions where one would suffice, and to escape the danger of a property owner in the opening proceedings recovering damages for a taking at a grade other than the natural surface (in which the viewers were sure to consider the grade) and then when the actual grading was done recovering again, the act of 1891 was passed. As a matter of fact the grading of a street is its physical opening. In very few cases does the city give a bond and proceed to open in advance of the damages being assessed. The ordinance to open is the first step, usually. Then the jury is appointed and the damages assessed and paid, and thereafter when the city is in funds the physical grading is done and sewers and water pipes and gas pipes are laid as part of the work. The act of 1891 introduced a sensible system and gave the property owner in one proceeding his damages for the opening at a grade always fixed on the plan on

which the streets appear when it is confirmed. That the grantors of the petitioner in this case were awarded damages both for the opening and the grading is not disputed, but it is contended that when the work was done which constituted the physical opening and grading, that those then holding the title were entitled to be paid for the grading, that is, for the depositing of dirt upon the strip taken as a street, or the cutting out of dirt from that strip according as the grading consisted of a "fill" or a "cut," and we are referred to cases in line with our own case: In re Change of Grade of Norwood Street, 12 Pa. Dist. Rep. 309, and In re Plan 166, 143 Pa. 414.

There can be no question that where there has been a change of grade regulation and subsequently there is an actual grading according to the changed plan, that then the property owner's right for damages therefor begins to run. But we have before us not such a case, but an application by one who purchased from the estate of Andrew Root to recover for what that estate had already been fully compensated for. If the plaintiff's contention is to be sustained, then the act of 1891 gives the owner the right to damages for both opening and grading, and if he is still the owner when the actual work is done he cannot recover, but if he parts with his title his vendee can recover.

We cannot adopt any such view. When the petitioner bought, the record of the quarter sessions showed him that the party he was buying from had already claimed and been awarded damages for the land taken in the opening of Lehigh avenue and for the damage to the part left abutting upon the avenue due to the fact that the street was plotted to be opened below the surface of the land on either side. He was bound by this notice, and when the city comes to exercise a privilege already paid for it cannot be compelled to pay again.

We regard Tabor Street (No. 1), 26 Pa. Superior Ct. 167, as directly ruling this case.

Nor are we able to agree with the petitioner's counsel that the act of 1891 offends against the constitution. Sec. 8 of art. XVI, undoubtedly does provide that the city shall make just compensation for private property injured by the construction of its works. But it does not provide that such payment shall follow and cannot precede the damages done.

Suppose the petitioner in this case was claiming damages for land taken in the opening of Lehigh avenue, and his deed from Root purported to convey the bed of the street, surely it would be an answer to say that his grantor had already collected and the physical taking by making the roadway travelable was but the exercise of a right already paid for. Yet a strict reading of sec. 8, art. XVI, would seem to require the city to pay after she opens if the physical opening does any damage.

The same record that gave notice to the grantee of the Root estate that the city had paid the damages for the opening also showed that the jury had assessed the damages as per a plan showing, in profile, the grade and taking into consideration the grade. If Root's heirs had executed a deed of dedication and release, as Ritter did in Tabor street, their subsequent vendees would have been prevented when the physical grading was done, from claiming damages therefor. If Ritter's vendees could not recover (and Tabor street so decides) then neither can Root's vendee and we, therefore, set aside the appointment of viewers heretofore made and quash the petition.

*Error assigned* was the order of the court.

*Bertram G. Frazier*, with him *John W. Frazier, Jr.*, for appellant.

*John H. Maurer*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee.

PER CURIAM, April 1, 1907:
Judgment affirmed on the opinion of Judge BEITLER, in Re Lehigh Avenue.