Wynn Appeal.

Argued November 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, ERVIN, and WATKINS, JJ. (WRIGHT and WOODSIDE, JJ., absent).

*James A. Wright,* for appellant.

*Irwin I. Tryon,* with him *Alvin . J. Ludwig,* and *Tryon & Ludwig,* for appellee.

OPINION BY WATKINS, J., March 18, 1959:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing exceptions to a report of a Board of Viewers denying damages to the appellant, Margaret F. Wynn.

The appellant petitioned for the appointment of viewers to assess damages to her property by reason of the change of grade and the physical grading of Pearce Road in the Township of Baldwin, Allegheny County. Viewers were appointed and the township filed with the viewers a petition for a report in limine to determine as a matter of law that the appellant was not entitled to damages by reason of a release contained in a recorded plan by appellant's predecessor in title. The said plan was recorded in the recorder's office of Allegheny County on February 13, 1942. A dedication and release appeared on the plan and it provided "This dedication and release shall be binding upon the Country Club Heights Company, its . . . assigns and purchasers of lots in this plan." The said plan had noted on it "approved . . . for recording purposes only" by the commissioners of the township.

On July 12, 1954, the township enacted Ordinance No. 16 of 1954 providing for the grading, paving and curbing of Pearce Road in the recorded plan and upon which road or street the appellant's property abuts.

The Country Club Heights Company, the appellant's predecessor in title, had at the time of the recordation of the subdivision plan, dedicated the street and road shown thereon to the public use and had, under seal, released and discharged the township from any liability

for damages arising or to arise from appropriation of the ground for public highways and the physical grading thereof to any grades that may be established.

The board of viewers in its in limine report concluded that the dedication had not been accepted and that the failure of the township to accept the dedication by ordinance or resolution amounted to a failure of consideration, making the release of damages ineffective.

Exceptions were filed by the township to this report, and after argument before the late Judge THOMPSON, the court below overruled the conclusions of law of the viewers and held that the enactment of the ordinance complied with the condition of the release and relieved the township of liability. The viewers then filed their report in accordance with the court's decision and denied damages to the appellant. Exceptions were filed and dismissed by the court en banc.

The question before us is the narrow one, as to whether an acceptance of the dedication was made by the township to effectuate the release of damages.

The Township Code as amended in Section 2020 (53 PS §57020 and §58066 (j)) provided as follows:

"§57020. Plans of dedicated streets. The commissmissioners of any township may accept in the name of the township any land dedicated by deed to the township to be used in any manner for road purposes. No person shall construct, open or dedicate any street, or any drainage facilities in connection therewith, for public use or travel in any township, without first submitting plans thereof to the township commissioners for their approval. . . . The township commissioners are authorized to alter such plans, or order the same to be altered, and to specify any changes or modifications of any kind which they, in their discretion, may

deem necessary with respect thereto, and may make their approval of such plans subject to any such alterations, changes or modifications, but no plans shall be approved until there is a solicitor's report as to municipal liens. . . . No street, or any drainage facilities in connection therewith, shall be opened, constructed, or dedicated for public use or travel, except in strict accordance with plans so approved by the commissioners, or with further plans subsequently approved by them in the same manner, nor until such plan, and the approval thereof, has been recorded as hereinafter provided. 1931, June 24, P. L. 1206, art. XX, §2020, 1949, May 27, P. L. 1955, §45; 1955, Sept. 27, P. L. 602, §1.

"§58066 (j). Streets, parks and other improvements private until dedicated or condemned. Every street, park, or other improvement shown on a subdivision plan, that is recorded as provided herein, shall be deemed to be a private street, park or improvement until such time as the same has been offered for dedication to the township and accepted by ordinance or resolution, or by deed of dedication accepted by the commissioners, or until it has been condemned for use as a public street, park or other improvement. The commissioners of any township may accept, in the name of the township, any land dedicated by deed to the township to be used in any manner for street, park or improvement purposes. 1931, June 24, P. L. 1206, art. XXX-A; §3066, added 1947, May 31, P. L. 362, No. 166, §1, as amended, 1949, May 27, P. L. 1955, §58, 1953, May 27, P. L. 220, §3; 1955, Sept. 7, P. L. 563, §7; 1955, Sept. 27, P. L. 602, §1; 1956, April 4, P. L. (1955) 1405, §1."

The appellant argues that a specific consideration was stated in the release, viz. an approval of the plan of dedication and an acceptance of the streets set forth in the plan.

She concedes that, if the township had unqualifiedly approved the lot plan and had the township formally accepted the streets set forth in the plan she would be barred in her claim for damages caused by the change of grade of the abutting street. *Caplan v. Pittsburgh,* 375 Pa. 268, 100 A. 2d 380 (1953). She further concedes that had the release of damages been silent as to consideration, the Pennsylvania law as to sealed instruments would apply and the consideration for release could not be questioned. The appellant contends that neither of these situations exist and that the resulting failure of consideration makes the release ineffective.

"The acceptance of a dedication, or what may be more accurately called an offer of dedication, has many of the incidents of the acceptance of a contract and of a deed. It is the act of acceptance which makes the dedication complete." 16 Am. Jur., Dedication, §30; *Vendetti Appeal,* 181 Pa. Superior Ct. 214, 222, 124 A. 2d 448 (1956).

The dedication and release contained in the plan of lots as recorded on February 13, 1942, could not be clearer, and reads as follows:

"Know all men by these presents, that the Country Club Heights Company, a corporation of the Commonwealth of Pennsylvania, by virtue of a resolution of the Board of Directors thereof, does hereby adopt this as its plan of lots of their property situate in Baldwin Township, Allegheny County, Pennsylvania, and for divers advantages accruing to it does hereby dedicate forever for public use for highway purposes all drives, roads, streets, lanes and ways and other public highways shown upon the plan with the same force and effect as if the same had been opened through legal proceedings, and in consideration of the approval of said plan and the acceptance of said public highway by the

504

said Township, the Country Club Heights Company hereby covenants and agrees to and by these presents does release and forever discharge said Township, its successors or assigns from any liability for damages arising and to arise from the appropriation of said ground for public highways and the physical grading thereof to any grades that may be established. This dedication and release shall be binding upon the Country Club Heights Company, its heirs, executors, administrators or assigns and purchasers of lots in this plan."

The complaint of the appellant is that the notation, "approved . . . for recording purposes only" by the commissioners, does not amount to an acceptance of the plan of dedication.

There is no doubt that an express dedication of streets, such as this, is a continuing offer of a piece of ground to a Municipality for public travel. The law fixes a time limit within which an acceptance must take place; if this is not done within twenty-one years after the dedication, the right to accept is gone. *Milford Borough v. Burnett,* 288 Pa. 434, 136 A. 669 (1927). The alleged acceptance was well within the statutory period.

"The mere dedication of a street, or its adoption as such by the municipality, is not an acceptance of it so as to make it a public highway (Fleck v. Collins, 28 Pa. Superior Ct. 443, 449) ; such acts are merely equivalent to a plotting or laying out; it is nothing but a paper street." *Milford Borough v. Burnett,* supra, at page 438. See also: *Hazleton v. Lehigh Val. C. Co.,* 339 Pa. 565, 16 A. 2d 23 (1940).

It follows, therefore, that even if the township had not placed the words "for recording purposes only" on the document, but had accepted the plan unqualifiedly, it was still nothing but a "paper street" and needed

further action by the township before the Municipality was bound by the dedication.

The court below concluded that the township, after a qualified approval of the recorded plan of dedication, by ordinance, graded, paved and curbed the street, upon which the appellant's property abuts; that the ordinance authorizing the grading, paving and curbing constituted an acceptance of the dedication; that the release on the part of appellant's vendor ran with the land and affected subsequent holders; and that the grading, paving and curbing ordinance complied with the condition of the release and relieved the township of any liability for damages arising out of the improvement.

Judge THOMPSON pointed out that, "The property owner relies on the words *'and accepted by ordinance or resolution'*. This provision in the code, it seems to us, has been enacted for the protection of the Township and in order to prevent its being saddled with the maintenance of public roads of which it has not approved. (Emphasis supplied.)" It does seem obvious that a Municipality cannot have undesirable properties thrust upon it and be burdened with the duties incident to streets and highways, without a clear and unequivocal acceptance of the dedication. Here, however, an ordinance was passed, which, although not setting forth an acceptance in so many formal words, did provide for the grading, paving and curbing of the streets in the recorded plan. Then, in accordance with the ordinance, the township did in fact grade, pave and curb Pearce Road. Here then, are clear and unequivocal acts of acceptance that transformed the paper street of the recorded plan into a modern, useful public street.

In *Agardy v. Pleasant Hills Borough,* 394 Pa. 350, 147 A. 2d 366 (1959), decided by the Supreme Court

on January 5, 1959, although the provisions of the Township Code were not involved, it was held, that while no formal acceptance ordinance was passed, the official acts of the Borough, such as advertisement of construction bids, the award of bids to the construction company, and the official commencement of the grading project, indicated official acceptance of the dedicated street.

It has been held that acceptance may be express or implied and that it may be by conduct as well as by ordinance or formal act. The acts, however, for implied acceptance must be unequivocal and authoritative acts of the Municipality. McQuillin on Municipal Corporations, 3rd Edition, Vol. 11, Section 33.47 at page 698; *Milford Borough v. Burnett,* supra. Here, the authoritative acts were the adoption of the ordinance and the paving of the street and we feel that this was in compliance with the conditions of the release and with the provisions of the Township Code and that the complaint that the ordinance did not contain formal words of acceptance is straining the legislative intent far beyond common sense.

Order affirmed.