## Carradorini Appeal.

Argued June 10, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*LeRoy Comanor*, for appellant.

*Jacob J. Siegal*, Deputy City Solicitor, with him *David Berger*, City Solicitor, for appellee.

OPINION BY ERVIN, J., July 3, 1959:

The question involved in this appeal, as stated by the appellant, is: Does the mere formal acceptance of a deed of dedication of a street by a municipality without an acceptance by public user and/or opening of the street to public use, serve to avoid the operation of the Act of 1889, May 9, P. L. 173, No. 192, §1, 36 PS §1961?

In 1889 the Fern Rock Land Company (a predecessor in appellant's chain of title to the land affected) was in the process of developing the general area within which Warnock Street from Champlost Avenue to Spencer Street lies.

The city enacted the ordinance of March 22, 1889, which provided: "That the Department of Public Works be, and is hereby authorized to revise the grade of Spencer avenue between Sixth and Twelfth streets, and that of the adjacent streets and avenues affected thereby, in the Twenty-second ward: PROVIDED That the Fern Rock Land Company first dedicate the bed of Spencer Avenue so far as it lies within its property and release the City from any claim for damage to its property by reason of said change of grade."

Pursuant to the conditions of the ordinance, the Fern Rock Land Company executed a deed, dated April 10, 1889, which, inter alia, dedicated to the city the bed of Warnock Street from Champlost Avenue to Spencer Street. The deed was delivered to the city, approved by the city solicitor, and formally accepted by the board of surveyors on behalf of the city on June 17, 1889, all of which was noted upon the cover page of the deed. The deed was then recorded in the office for the Recording of Deeds.

The deed provided, inter alia, for the grant of the bed of Warnock Street to the City of Philadelphia "forever for a public Street or Highway and for no other purpose but to the same extent and to the same effect as if the street had been opened by a Decree of the Court of Quarter Sessions for the County of Philadelphia upon proceedings had for that purpose under the Road Laws of the Commonwealth of Pennsylvania. . . ."

Prior to the recording of the deed of dedication, Warnock Street had been confirmed on the city plans at an elevation which would place it, when it was physically developed, severely below the natural grade of the abutting ground. On May 18, 1955 the council enacted an ordinance authorizing the board of surveyors to diminish the difference between the elevation of the street and the abutting land.

On June 5, 1956 the city awarded contracts for the excavation and physical development of Warnock Street at the less drastic grade, and the contractor completed work on January 3, 1957. The appellant, asserting ownership in the land to the middle of the road bed, petitioned the Court of Quarter Sessions for the appointment of a board of view to assess damages. The court appointed a board of view pursuant to the petition. The city, denying appellant's claim of ownership and asserting its own rights as owner of the base fee, petitioned the court to vacate the appointment. After submission on briefs and oral argument, the court below sustained the city's position and vacated its appointment. This appeal followed.

Appellant argues that a municipality does not obtain title to real estate, acquired for street purposes, by accepting the tender of a deed. He says that the street must be physically opened within 21 years of the grant. Section 1 of the Act of 1889, 36 PS §1961, provides: "Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out."

In our opinion the above act does not apply to a dedication consummated by the tender and acceptance of a written deed. The legislature was concerned only with implied dedications arising when an owner has laid out streets on a plan of lots and has conveyed some lots referring to said plan.

The appellant also relies upon *Milford Borough v. Burnett,* 288 Pa. 434, 136 A. 669. In that case the

court merely held that a borough's adoption of a private plan of streets into its general plan of streets is the equivalent of a plotting of streets and is simply a notice that the borough may eventually open the streets. In *Phila. Electric Co. v. Phila.*, 303 Pa. 422, 154 A. 492, the Court merely held that the ordinance did not in fact constitute an acceptance since it was conditional and there is no indication that the conditions were fulfilled within 21 years. In that case the Court cited with approval cases where acceptance was by ordinance or resolution. At page 432 it is stated: "An acceptance must be shown by some definite authoritative act of the municipality (Grant v. Dickson City Borough, 235 Pa. 536; Steel v. Huntingdon Borough, 191 Pa. 627, 629, 630; Wahl v. McKees Rocks Borough, 64 Pa. Superior Ct. 155), . . . ." In none of the cases cited by the appellant do we find a deed making a conveyance of title and an express acceptance thereof by the municipality.

A dedication effected by sales with reference to a plat cannot be revoked even though there has been no indication of acceptance: Tiffany, Real Property, 3d ed., Vol. 4, §1106, p. 352; Trickett, Law of Roads and Streets, chap. XLIX, p. 609. This was the rule in Pennsylvania: *Osterheldt v. Phila.*, 195 Pa. 355, 361, 45 A. 923. By the Act of 1889 the legislature declared that an implied offer of dedication lapses in the event that it is not accepted within 21 years. The problem of irrevocability does not arise where there is a completed dedication by deed of conveyance. There is a clear distinction between express dedications by deed and implied dedications effected by sales with reference to a plat. This difference was recognized by our Supreme Court in *Stoever v. Gowen*, 280 Pa. 424, 432, 124 A. 684, where it is stated: "When a plan of the owner's private development of his property is referred to in

a deed 'there is not only an implied covenant by him to the owner of each lot that the streets and alleys, as they appear upon his plan, shall be forever open to the use of the public, but a dedication by him of the same as highways to the use of the public forever, and the municipality itself cannot extinguish the easement which each lot owner thus acquires by private contract with the owner of the plotted ground': Tesson v. Porter, 238 Pa. 504. We are not, however, dealing with private streets appearing upon an owner's plan, but, according to complainants' bill, with a street, Wadsworth Avenue, which by deed, recorded preceding the conveyances to plaintiffs, the trustees of the Gowen Estate had granted to the City of Philadelphia 'for a public street or highway . . . . and thus dedicated the street to the public use' which 'dedication was accepted by the board of surveyors October 2, 1888,' also previous to the vesting of title to the lots in any of complainants or their predecessors. Therefore, it appears, from complainants own pleading, that when the Gowen Estate sold the lots (and conceding for the purposes of the proposition that the purchasers were given the plan and the assurances claimed in connection with it) they were sold, so far as Wadsworth Avenue is concerned, upon a public street and not a private one. When a landowner lays out his land to conform to a public street, the rule is different, and there is no covenant on the grantor's part that the streets shall remain open. 'When appellant purchased, the streets and alleys were public highways, made so by the acts of the borough authorities. She was not in the position of one purchasing a lot from a private owner according to a plan showing streets and alleys laid out by that private owner, but not accepted or adopted as public highways by municipal authority. If she had purchased from a private owner before the streets and

alleys had become public highways, her only protection would have been the implied covenant of her grantor that the streets and alleys shall remain open for the use of the lot owners, and of the public as well, as a means of access to their properties, . . . she purchased with notice that the streets and alleys were controlled and maintained by the borough authorities as public highways': Bell v. Pittsburgh Steel Co., 243 Pa. 83. When appellants acquired their properties, and ever since that time, not the Gowen Estate, but the City of Philadelphia has had dominion over Wadsworth Avenue." See also *Righter v. Phila.*, 161 Pa. 73, 76, 28 A. 1015; *Sedgley Avenue*, 217 Pa. 313, 317, 66 A. 546; *Fifth Street*, 22 Pa. Superior Ct. 214, 218, 219; *Tabor Street (No. 1)*, 26 Pa. Superior Ct. 167, 171, 172.

The deed in the present case expressly conveyed the land with the same effect as if the municipality had acquired title by eminent domain. Appellant's argument inevitably leads to the conclusion that where a municipality acquires land for street purposes, under its power of eminent domain, regardless of the amount of damages paid by it, its title is not perfected unless it physically develops the land for street purposes within 21 years from the date of condemnation. We do not believe that the legislature ever intended such a result by the passage of the Act of 1889 and we therefore rule that this act is not applicable to a conveyance of a street bed to a municipality by deed when the deed has been accepted by the municipality.

Order affirmed.