## Belusko v. Department of Highways

*Bartel E. Ecker*, for plaintiffs.

*Gifford S. Cappellini*, for Commonwealth.

*George I. Puhak*, for board of view.

BROMINSKI, J., February 21, 1966.—This matter comes before the court upon appeal by plaintiffs from a decision of a board of view of Luzerne County disallowing damages for consequential injuries to plaintiffs' property.

The problem results from the fact that on July 10, 1963, an order of condemnation was executed by the Governor of the Commonwealth of Pennsylvania authorizing the widening and change of grade of Route no. 29, Sugarloaf Township, Luzerne County. In 1965, pursuant to the condemnation order, the highway, Route no. 29, was widened from a two to a four-lane highway, and it was raised eight to 10 feet above its former level and grade. At the time of condemnation, Route no. 29 and plaintiffs' land and home were on the same grade level. Although none of plaintiffs' land, per se, was taken as a result of the condemnation, they now allege that their land has been damaged because: (1) The change of grade permanently interferes with their access to and from their land, and (2) the water flows from the elevated highway onto their land.

One other salient fact is contended by plaintiffs; that the actual elevation of the highway did not occur until after June 22, 1964, and we might parenthetically add here that this is the effective date of the new Eminent Domain Code of 1964, the importance of which will become obvious hereinafter.

Article XVI, sec. 8, of the Pennsylvania Constitution provides:

"Municipal and other corporations . . . invested with the privilege of taking private property for pub-

lic use shall make just compensation for property taken, injured or destroyed. . . ."

From this, it is clear that the Commonwealth of Pennsylvania was not responsible for property "injured", i. e., consequential damages.

Article VI of the Eminent Domain Code of June 22, 1964, P. L. 84, sec. 612, 26 PS §1-612, provides:

"All condemnors, *including the Commonwealth of Pennsylvania*, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken". (Italics supplied.)

This provision, in turn, holds the Commonwealth responsible for consequential injuries to land.

The question then is: Is the Commonwealth of Pennsylvania responsible to plaintiffs in damages for land condemned on July 10, 1963, when, in fact, the damages resulting to plaintiffs' land did not occur until after June 22, 1964, the date of the new Eminent Domain Code which provides for such damages? This, of course, turns on the question: When did plaintiffs' rights for damages accrue, the date of taking, July 10, 1963, or the date the alleged damage actually occurred?

Consideration has been given to this matter by our appellate courts previously, and although their decisions do not pertain to the Commonwealth because of the constitutional provision, supra, they do deal with the question of *when* the right to damages begins to run.

In Sedgley Avenue, Lehigh Avenue, 217 Pa. 313, the court states:

"There can be no question that where there has been a change of grade regulation and subsequently there is an actual grading according to the changed plan,

that then the property owner's right for damages therefor begins to run".

In Clark v. City of Philadelphia, 171 Pa. 30 (1895), the court said:

". . . The report of the viewers to open Forty-fifth street was confirmed and the decree thereon made June 25, 1887. The ordinance under which the grading of the street was done was not passed until March 10, 1888. *The right to damages for change of grade does not accrue until the actual change is made on the ground*". (Italics supplied.)

Again, in Ogden v. City of Philadelphia, 143 Pa. 430, the court determined:

"The general rule is that the cause of action arises when the injury is complete. . . ."

The law, as cited above, has been the established common law of Pennsylvania even prior to the present constitution.

We have reviewed more recent cases dealing with a somewhat analogous situation. In Angle v. Commonwealth, 396 Pa. 514, the problem was "notice" of taking by the Commonwealth. There, they condemned land for a 30-foot public road in 1878. In 1924, the Governor of the Commonwealth approved plans for the reconstruction and improvement of this road, which plans suggested that at some future time the road might be widened to 50 feet. In 1956, plans were again approved to widen the road to 50 feet. Then, the Commonwealth argued that the 1924 plans constituted automatic notice to plaintiffs and their rights accrued then, and, hence, they were not entitled to damages when the road was widened to 50 feet in 1956. The Supreme Court rejected this argument and sustained a verdict for plaintiff. See also Strong Appeal, 400 Pa. 51.

These more recent cases again indicate that the original condemnation proceedings need not determine

all the rights of adjoining landowners at the time the Governor signed the order of condemnation. Subsequent events may alter this.

We would thus have to conclude that plaintiffs' right to damages here arose when the actual damage was done in 1965. This having occurred after the effective date of the new Eminent Domain Code of June 22, 1964, P. L. 84, plaintiffs are entitled to damages against the Commonwealth pursuant to article VI, sec. 612, thereof: 26 PS §1-612.

### ORDER

And now, February 21, 1966, it is hereby ordered and decreed that the report of the Board of View of Luzerne County, dated September 28, 1965, is hereby reversed and set aside, and the record remanded to the aforesaid board of view for proceedings consistent with this opinion.