The Borough of Lehighton, Appellant *v.* J. Gordon Katz and Shirley G. Katz, Husband and Wife, Appellees.

Argued April 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

Quiet title action in the Court of Common Pleas of Carbon County. Relief granted. Exceptions filed by Borough. Exceptions dismissed. HEIMBACH, S.J. Borough appealed to the Commonwealth Court of Pennsylvania.

*Paul A. McGinley, Gross, McGinley & McGinley,* with him *Marianne S. Lavelle, Shutack & Lavelle,* for appellant.

*Armin Feldman,* with him *Cheryl Ann Klepper, Martin H. Philip Associates, P.C.* for appellees.

OPINION BY JUDGE MACPHAIL, July 6, 1983:

The Borough of Lehighton (Borough) has appealed from a decree of the Court of Common Pleas of Carbon County in an action to quiet title. At issue is the trial court's determination that J. Gordon Katz and Shirley J. Katz (Appellees) possess fee simple title, subject to existing easements, to one-half of a portion of an unopened street in the Borough and that the Borough possesses no right to use the street as a public thoroughfare.

The record reflects that in April, 1903 a plan of lots, streets and alleys was prepared regarding land located in the Borough known as the Beckendorf Estate. One of the streets laid out by the plan, Ochre Street,[1] is the subject of the instant appeal. Several of the lots in the Beckendorf Estate were sold between 1903 and 1950 when the remaining land was conveyed to Walter D. and Hilda Hammel. The Hammels subsequently prepared a new plan which incorporated the streets and alleys as laid out in 1903. At a Borough Council meeting on March 3, 1952, the Hammels offered to dedicate three streets, including Ochre Street, to the Borough for public use as highways. The offer was made in the form of a written deed of dedication. On April 21, 1952, the Council voted to:

> [A]dvise Mr. Hammel or his attorney that provision be made for an alley between 5th & 6th Streets along the north property line and also that all public streets and alleys as indicated on the proposed plan be dedicated to the borough.

On April 7, 1970, the Appellees purchased a parcel of land from the Hammels which is bounded on the north by Ochre Street, on the east by Sixth Street and on the west by King Alley. Appellees thereafter obtained a building permit and constructed a dwelling on their property with an attached garage. On May 8, 1972, Appellees were notified by the Borough that their garage encroached onto Ochre Street, as it appeared on the Hammels' development plan, by approximately eight feet. The Borough apparently took no further action with respect to the alleged encroachment until, in November 1977, the Appellees filed the instant action to quiet title.

---

[1] The street appears on the plan as "Oker" Street. The parties and the trial court, however, have used the alternate spelling "Ochre", which we similarly adopted for purposes of this opinion. There is no dispute that the different spellings refer to the same street as laid out in 1903.

Following a hearing, the trial court ruled that the Borough had lost its right to use Ochre Street between King Alley and Sixth Street as a public thoroughfare due to its failure to open or use that portion of the street during the twenty-one years following the Hammels' 1952 offer of dedication.[2] The Borough's exceptions to the court's decree were dismissed and, following the entry of judgment, the instant appeal was taken.

The trial court found that the sole issue before it was whether or not the Borough had accepted the Hammels' dedication offer within twenty-one years. The statutory language applicable to boroughs which establishes the twenty-one year limitation is found at Section 1724 of the Borough Code (Code)[3] and provides, in pertinent part, as follows:

> Whenever any street shall have been laid out and shall not have been opened to, or used by the public for a period of twenty-one years, such street shall not thereafter be opened without consent of at least fifty-one percent of the number of owners of the abutting real estate and without the consent of the owners of at least fifty-one percent of the property abutting such street, based on a front foot basis.

---

[2] We agree with the trial court that the pertinent time period to be analyzed is the twenty-one years following the 1952 offer of dedication rather than the period following the original laying out of the streets in 1903. While an implied dedication of the streets to the public might have occurred through sales of lots in the Beckendorf Estate with reference to the 1903 plan, *see Rahn v. Hess*, 378 Pa. 264, 106 A.2d 461 (1954), the record is clear that the Borough took no action which could be considered an acceptance of the dedication during the time prior to the Hammels' dedication offer in 1952.

[3] Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46724.

Since Section 1724 of the Code has not been the subject of extensive litigation, we must turn to decisions involving its predecessor, the Act of 1889,[4] for a better understanding of its purpose. It has been stated that the Act of 1889 is aimed at relieving land upon which streets have been laid out but not used by the public, from the servitude imposed by the dedication offer. *Rahn.* The provision is actually a statute of limitations establishing a time period within which public acceptance of a dedication offer must occur. *Id.* We believe that this interpretation similarly applies to Section 1724.

The Borough's first argument challenges the applicability of Section 1724 to the instant case. The Borough contends that the limitation period does not apply where, as here, a written deed of dedication is offered by a developer and accepted by Borough Council at a regularly scheduled Council meeting. The Borough relies upon the following Superior Court interpretation of the Act of 1889 to support its position:

In our opinion [the Act of 1889] does not apply to a dedication consummated by the tender and acceptance of a written deed. The legislature was concerned only with implied dedications arising when an owner has laid out streets on a plan of lots and has conveyed some lots referring to said plan.

---

[4] Act of May 9, 1889, P.L. 173, 36 P.S. §1961. The trial court incorrectly cited to the Act of 1889 as the controlling statute in this case. Section 1 of the Act of 1889 was, in fact, a predecessor to Section 1724 of the Code, having been repealed insofar as it related to boroughs by the Act of May 14, 1915, P.L. 312. Both provisions contain substantially the same language. Since neither of the parties to this appeal have noted the trial court's error, their briefs also mistakenly cite to the Act of 1889. We, accordingly, will treat their arguments as though they instead addressed Section 1724 of the Code.

*Carradorini Appeal*, 189 Pa. Superior Ct. 624, 627, 152. A.2d 789, 790 (1959). While this holding would appear to be on point, we note that in *Carradorini* the court found that the deed in question actually conveyed *title* to the bed of the street to the municipality. Such is clearly not the case here. The Hammels' offer of dedication, if properly accepted by the Borough, would not constitute a conveyance of title to the municipality but rather would grant the Borough the right to use, maintain and control the land as a street for the benefit of the public. The fee would remain in the adjacent property owners. *In Re City of Altoona*, 479 Pa. 252, 388 A.2d 313 (1978). Moreover, the acceptance of the written deed in *Carradorini* was more specific than in the instant case where Council purported to accept all of the streets on the Hammels' plan, rather than only those listed in the deed of dedication. We conclude that *Carradorini Appeal* is inapposite.

We also observe that additional case law regarding the Act of 1889 makes it clear that the twenty-one year limitation *is* applicable to municipal acceptance of both express and implied offers of dedication. Dedications, in general, have a partial analogy to contracts in that the elements of offer and acceptance must be considered. *Vendetti Appeal*, 181 Pa. Superior Ct. 214, 124 A.2d 448 (1956). An offer of dedication may be express or implied.[5] *Milford Borough v. Burnett*, 288 Pa. 434, 136 A. 669 (1927). We are here concerned with an express offer which results in a continuing offer of the land to the municipality for public travel. *Wynn Appeal*, 188 Pa. Superior Ct. 499, 149 A.2d 149 (1959).

---

[5] An implied dedication arises when lots are sold with reference to a plan which includes streets. *Elliott v. H. B. Alexander & Son, Inc.*, 41 Pa. Commonwealth Ct. 184, 399 A.2d 1130 (1979).

It is the act of acceptance, however, which makes the dedication complete. *Id.* An acceptance may be express or implied; however, in order to avoid the bar of the twenty-one year limitation period, formal expressions of acceptance must generally be accompanied by the actual opening or use of the dedicated street. *Elliott.* An express dedication of a street and its adoption by resolution of the municipality does *not* cause the land to become a public thoroughfare. *"[S]uch acts are merely equivalent to a plotting or laying out*; it is nothing but a paper street." *Milford Borough*, 288 Pa. at 438, 136 A. at 671 (1927) (emphasis added). Moreover, a street offered for dedication becomes a public street only to the extent to which it is actually used or opened. The opening of a portion of a street does not affect the status of the remaining unopened portion. *Shamokin v. Helt*, 250 Pa. 80, 95 A. 385 (1915).

Thus, our inquiry in the instant case must focus on whether or not the Borough accepted the Hammels' 1952 offer of dedication within the twenty-one year time limitation. According to the legal principles set forth above, the Borough Council's formal expression of acceptance in 1952, which was unaccompanied by the actual use or opening of Ochre Street, was not sufficient to render that street a public thoroughfare. We, accordingly, are left to determine whether the Borough has established an implied acceptance of Ochre Street within the limitation period. We observe that the burden is on the Borough to show an acceptance of the dedication offer by clear and convincing evidence. *Milford Borough.* An implied acceptance must be demonstrated by unequivocal authoritative acts of the municipality showing its intention to accept. *Tri City Broadcasting Co. v. Howell*, 429 Pa. 424, 240 A.2d 556 (1968). Occasional use of the street by the municipality will not suffice to create an implied ac-

ceptance. There must instead be continuous, open and notorious acts over a long time period showing beyond doubt that the municipality intended to accept the proposed street for public use. *Milford Borough*.

It is clear in the instant case, from the facts as found by the trial court, that no Borough acceptance of Ochre Street between Sixth Street and King Alley has occurred. The trial court's findings, which are supported by the record, reveal that, to date, the portion of Ochre Street here at issue remains impassable and has never been opened or used by the public. Prior to 1975, Borough activity on Ochre Street between Fifth and Seventh Streets (a four block area) was confined to the clearing of trees and shrubbery and occasional mowing of grass. We do not think that such activity rises to the level of unequivocal acts showing beyond a doubt the Borough's intent to accept the dedication. Moreover, the fact that another portion of Ochre Street (between Fifth and Sixth Streets) was paved sometime after 1975 cannot operate as an acceptance of the portion here in dispute since the opening occurred *after* the twenty-one year period had already expired in 1973. *See Elliott*.

We, accordingly, conclude that the Borough's right to accept the 1952 dedication offer of Ochre Street between Sixth Street and King Alley is barred by the twenty-one year limitation period of Section 1724 of the Code.

We are also in agreement with the trial court's conclusion that the Appellees have fee simple title, subject to any existing easements,[6] to the southern half of

---

[6] We do not address the issue of what, if any, private easement interests other landowners in the Beckendorf Estate might have with respect to Ochre Street. We note, however, that the Borough's failure to accept the dedication offer would not affect existing *private* easements. *Travaglia v. Weinel*, 191 Pa. Superior Ct. 323, 156 A.2d 597 (1959).

Ochre Street between Sixth Street and King Alley. The Hammels, as we have seen, offered to dedicate Ochre Street to the public. Since the record shows that the Appellees' deed used the proposed street as a boundary, the deed conveyed title in fee to the center of the street.[7] The fact that the Borough did not accept the dedication offer in a timely manner does not alter Appellees' title to the unopened street. *McLaughlin v. Cybulski*, 192 Pa. Superior Ct. 7, 159 A.2d 14 (1960).

The Borough's final argument, that the trial court improperly excluded certain evidence which allegedly demonstrated the Borough's timely intent to open the area of Ochre Street here in dispute, is without merit. The evidence was properly excluded as hearsay and the Borough was given a fair opportunity to have the declarant testify and be available for cross-examination. The Borough declined to produce the witness.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Carbon County, dated May 18, 1981, is hereby affirmed.

---

[7] The trial judge's opinion indicates that the Hammels, on March 4, 1974, conveyed by quit-claim deed that portion of Ochre Street onto which Appellees' garage encroaches. In addition, on September 8, 1977, the Appellees attempted to revoke the offer to dedicate Ochre Street between Sixth Street and King Alley. In light of our conclusions that the Borough's right to accept the dedication was foreclosed after 1973 and that Appellees' 1970 deed conveyed title to one-half of Ochre Street, we need not comment further on the quit-claim deed or the attempted revocation.