## COMMONWEALTH v. WHARTON BARKER.

APPEAL BY THE COMMONWEALTH FROM THE COURT OF QUARTER SESSIONS OF MONTGOMERY COUNTY.

Argued February 6, 1891—Decided February 16, 1891.

Mere user by the public of a board walk constructed by an abutting owner along the side of a township highway, for his own convenience, is in no sense a dedication of it to the public, or evidence of its acceptance as a part of the public highway by the township; the owner, therefore, may remove it at his pleasure.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 92 January Term 1891, Sup. Ct.; court below, No. 111 October Term 1890, Q. S.

On October 9, 1890, the grand jury returned as a true bill an indictment charging Wharton Barker with committing and

maintaining a public nuisance, to wit, the removal of a certain board walk, in front of his property on Wyncote Lane, in Cheltenham township.   Issue.

The cause being called for trial the same day, it was made to appear that the defendant had placed a board walk in front of his property at the place named, the walk being substantially constructed with the transverse pieces upon which it was laid firmly fastened to upright planks sunk vertically in the ground, at the side of the township road, and that the owners of neighboring properties made use of the walk as a means of access to the railroad station, until it was removed by the defendant on ceasing to use it in connection with his own property.

Other facts in evidence sufficiently appear in the charge of the court below, WEAND, J., in part as follows:

Wharton Barker is on trial before you for the offence of committing and maintaining a nuisance.   It appears that the defendant, Mr. Barker, is the owner of certain property in the township of Cheltenham, in this county, which abuts on the public road known as Wyncote Lane.   On one portion of this property there was erected a dwelling-house that was occupied by a Mr. McCall.   On the side of the road there was an elevation, varying in height from two to three feet, and in width, in some places, two feet, and in other places more than two feet. This elevation or embankment had been for some time used by the traveling public as a sidewalk.   For certain purposes, which are unimportant here to mention, Mr. Barker constructed on this elevation a board walk, which was thrown open for public use.   You have heard the manner of its erection, the character of the material used, and the extent of the travel thereon.

He afterwards sold the house, that had been occupied by Mr. McCall, to Mrs. Smith, the wife of the prosecutor in this case.   Afterwards, he removed that portion of the board walk in front of the property which still remained his own.   It is now claimed by the commonwealth that he interfered with the rights of the public in so doing, and was guilty of so doing, in the first place, by the removal of the board walk, and secondly, on account of the condition in which he left the surface of the ground underneath the board walk by its removal.

Prior to the act of May 7, 1889, P. L. 110, without the consent of the supervisor, Mr. Barker would have had no right to place down this sidewalk, but, having put it there with the consent of the supervisor, either implied or granted, it was lawful, and any person traveling on that road had the right to use it.   And, having put it there, it was incumbent upon Mr. Barker and the supervisor to keep it in repair.   Subsequently, it appears, Mr. Barker removed this board walk.

[The first point for you to consider is, was he guilty of any offence by the removal of the board walk?   It is contended, on behalf of the commonwealth, that, having placed it there for the public use, and it having been used by them, this was a dedication to the public, and it therefore became public property ; and that neither Mr. McCall nor Mr. Barker had the right to take it away.   The court will dispose of this branch of the case, and instruct you that Mr. Barker had the right to remove the board walk.] [1]

This was a sidewalk in a township.   There was no obligation on the part of the supervisor to have it there, nor was there any obligation on behalf of the defendant.   The rule is different which governs townships and boroughs ; and this being a township, having been a merely voluntary act on the part of Mr. Barker and the supervisor, there was no obligation on the owner to maintain it perpetually ; and in removing it, I charge you, he was not guilty of any offence, he having voluntarily placed it there. . . . .

I have been requested to answer some points in which counsel for the prosecution have asked me to charge you upon certain points of the law :

1. If the jury find that the board walk in question was built within the highway, with the intention upon the part of the builder that it should be permanent, and that it was fixed into the soil in a clearly permanent manner, this establishes a dedication by the builder.

Answer. This is true, so far as the right of the public to use the board walk is concerned, but it would not be such a dedication as to prevent the owner of an abutting property, who had placed it there, from removing it. [2]

2. If the jury find that the board walk was materially serviceable to the public, and was continually used by them for

upwards of three years until removed, the walk must be regarded as accepted by the public and the dedication was operative as against the builder.

Answer: To this I give the same reply as to the first point.[3]

3. If the jury find, further, that the defendant approved and concurred in the construction of the board walk, with knowledge that it was being done in the manner stated in the foregoing points, then the dedication was completed as to him.

Answer: To this I answer as I have to the first.[4]

—The jury returned a verdict in favor of the defendant, with a recommendation that the costs be paid by the prosecutor and defendant in equal parts. Judgment having been passed, the commonwealth took this appeal, assigning for error:

1. The portion of the charge embraced in [ ] [1]

2–4. The answer to the commonwealth's points.[2 to 4]

*Mr. E. Spencer Miller* (with him *Mr. Henry M. Brownback*), for the appellant.

Counsel cited: Dillon on Mun. Corp., § 1032; Bush v. Johnston, 23 Pa. 209; Beatty v. Gilmore, 16 Pa. 463; Robbins v. Jones, 15 C. B., N. S., 220; Dewart v. Purdy, 29 Pa. 113; White v. Crawford, 84 Pa. 436; Gold v. Philadelphia, 115 Pa. 184.

*Mr. Louis M. Childs* and *Mr. Montgomery Evans*, for the appellee, were not heard.

In the brief filed, counsel cited: Scranton v. Hill, 102 Pa. 378; Monongahela City v. Fischer, 111 Pa. 9; Commonwealth v. Hauck, 103 Pa. 536; Woodring v. Forks Tp., 28 Pa. 355; Hays v. Gallagher, 72 Pa. 136; Phœnixville v. Iron Co., 45 Pa. 135; Newlin Tp. v. Davis, 77 Pa. 317; Penna. R. Co. v. Irwin Bor., 85 Pa. 336; Griffin's App., 109 Pa. 150; Beatty's Alley, 104 Pa. 622; act of May 7, 1889, P. L. 110.

PER CURIAM:

We do not think the learned judge below erred in instructing the jury that the defendant had the right to take up the board walk in front of his premises. It was placed there by him, or by his permission, for his own convenience. His doing so was in no sense a dedication of it to the public, nor was

Syllabus.

there evidence of its acceptance by the township authorities. The fact that it was used by some of the neighbors on their way to the railroad station, would not constitute an acceptance of it. Had there been such acceptance, it would then have been the duty of the supervisor to keep it in repair. As the matter stood, there was no such duty on the part of the township. On the contrary, had it become dangerous and an accident occurred by reason thereof, Mr. Barker might have been responsible in damages. At most, it was a very trifling matter, and hardly worth the trouble and expense it has occasioned.

Judgment affirmed.

On March 9, 1891, a motion for a re-argument was refused.