# Milford Borough *v.* Burnett, Appellant.

*Road law—Streets—Dedication — Express dedication — Acceptance, express or implied—Public use — Limitation of time — Evidence—Acts of May 9, 1889, P. L. 173, and May 14, 1915, P. L. 312.*

1. An express dedication of a highway is a continuing offer of a piece of ground to a municipality for public travel.

2. Such dedication may be accepted by the municipality for the purpose offered.

3. The acceptance may be expressed or implied.

4. Implied acceptance may be indicated by some definite authoritative act of the municipality, or by long continued user by the public as a highway, or a combination of municipal acts and public use.

5. The mere dedication of a street, or its adoption as such by the municipality, is not an acceptance of it so as to make it a public highway; such acts are merely equivalent to a plotting or laying out; it is nothing but a paper street.

6. Evidence to establish an acceptance of a dedication by user should be of the same quality as that necessary to establish a way by dedication; it must be clear and convincing.

7. There must be unequivocal acts, continued during a long time, to show beyond question the intention on the part of the municipality to accept the proposed street as a public highway.

8. Not only must the acts be continuous and for a long period, but they must be open and notorious, and be based on an undoubted claim of right in those using the way, and not by acts of permission of the owner of the fee.

9. Mere occasional use or inconsequential acts for the convenience of the municipality will not be sufficient to convert a dedication into a public way.

10. The law fixes a time limit within which an acceptance must take place; if this is not done within twenty-one years after the dedication, the right to accept is gone.

11. The Acts of May 9, 1889, P. L. 173, and May 14, 1915, P. L. 312, 346, bear directly on the dedication and user, where the latter does not amount to an acceptance.

12. Where the dedication has been sufficient to amount to an acceptance as a public way, the mere fact that the use covers only a part of the dedication width will not deprive it of the whole width as dedicated, the Act of 1889 notwithstanding.

13. But the mere use of a part of the way longitudinally and its acceptance by the municipality as a public street over the part so used, does not draw to it another part of the same highway or street not so used or accepted.

*Road law—Acceptance of dedication of road—Evidence—Finding of chancellor—Appeal—Review.*

14. In ascertaining whether an acceptance has taken place, the question is purely of fact, and if a chancellor, on sufficient evidence, finds as a fact that the municipality has not accepted the dedication, his conclusion is final, unless it is the result of capriciousness.

15. The findings of fact of a chancellor have the force and effect of a jury, and will not be disturbed if there is evidence to support them.

16. A reviewing authority will not arbitrarily disregard the trier's right to pass on the credibility of the witnesses, and substitute its judgment for that of the fact-finder. This rule is binding on the Superior Court as it is on the Supreme Court.

Argued January 18, 1927.  Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 88, Jan. T., 1927, by defendant, from judgment of Superior Court, Feb. T., 1926, No. 21, reversing

436  MILFORD BOROUGH *v.* BURNETT, Appellant.

decree of C. P. Pike Co., Dec. T., 1922, No. 1, in case of Milford Borough v. Harold L. Burnett.  Reversed.

Appeal from judgment of Superior Court, reversing decree of SHULL, P. J., dismissing bill in equity.

The opinion of the Supreme Court states the facts.

Decree reversed: 87 Pa. Superior Ct. 588.  Defendant appealed.

*Error assigned* was, inter alia, judgment of Superior Court, quoting record.

*Ralph B. Evans,* with him *W. A. Erdman* and *George R. Bull,* for appellant.—The lower court correctly applied the law to the facts as found by the chancellor: Osterheldt v. Phila., 195 Pa. 355; Quicksall v. Phila., 177 Pa. 301; Cotter v. Phila., 194 Pa. 496.

The findings of fact by the chancellor are supported by the evidence and are therefore conclusive: Platt-Barber Co. v. Groves, 193 Pa. 475; Scheppers's App., 125 Pa. 598.

*Xenophon P. Huddy,* for appellee.—The undisputed proofs showed a physical use and opening of Anne Street on the bank of the river and the general (not "occasional") use by everybody of zigzag paths up and down the bank; and further, the uncontradicted proofs were that the chute was constructed at the top of the bank in the middle of Anne Street downward.

The undoubted and clearly established facts referred to and found by the Superior Court, and which justified the Superior Court in reversing the court below, are clearly established by convincing, uncontroverted proofs, consisting of ancient documents, old deeds, surveys and other papers, the most important of which is the plan of the town of Milford acknowledged for record at Easton, Northampton County, Pennsylvania, October 6, 1796, and reliable and convincing uncontradicted testimony

concerning material and vital facts showing public acceptance of the dedicated street by public user of the locus in quo.

The town of Milford was laid out on the Delaware River because of advantages of that river and it is obvious from glancing at the original map of the town that the streets running from the northwest to the river on the southeast, were laid out and dedicated to the river for the purpose of affording free public access to those riparian advantages.

The findings of the chancellor being plainly contrary to the clear proofs, unsupported by the evidence, and based on inferences plainly erroneous, the Superior Court properly reversed the judgment: Penna. Knitting Mills v. Bayard, 287 Pa. 216; Worrall's App., 110 Pa. 349; McConville v. Ingham, 268 Pa. 507.

OPINION BY MR. JUSTICE KEPHART, February 7, 1927:

John Biddis laid out a plan of lots in 1796, and, among other roads, dedicated to public use a road known as Anne Street. The plan with its streets was adopted by the Borough of Milford, after its incorporation in 1874. Biddis sold lots with reference to these streets, and appellant's deed contained the following clause as a conveyance of the land in dispute: "All the right, title and interest of the grantors in and to all that certain piece ......of land laid out upon the map......as part of Anne Street." This street, as it appeared on the plan, was sixty feet in width, extending from the town limits to the Delaware River. It was opened and used through the town to the top of the river bank. From that point to the river there is a precipitous drop of over 100 feet, within a distance of from 200 to 250 feet. Appellant, relying upon his grant, started to build a wall across Anne Street on the hill side, when the borough, claiming the ground as a public highway, brought this bill to enjoin him. The lower court found as a fact that the land in question was not a public highway, and dis-

missed the bill. The Superior Court reversed the decree, reinstated the bill and directed the injunction to issue. The case is now before us on appeal, and the question to be decided is whether or not Anne Street is a public highway from the top of the hill to the Delaware River.

Streets or highways, apart from statutory methods, may be created by dedication, express or implied, and by prescription. The only question presented here is in regard to an express dedication, which is a continuing offer of a piece of ground to a municipality for public travel. So far as it relates to a municipality, the offer continues (barring legislation) until revoked. Like all such offers, it must be accepted by the municipality for the purpose offered. It may later renounce the street as a public highway. The acceptance may be express or implied. Implied acceptance may be indicated by some definite authoritative act of the municipality (Steel v. Huntingdon Borough, 191 Pa. 627, 630; Wahl v. Mc-Kees Rocks Borough, 64 Pa. Superior Ct. 155; Grant v. Dickson City Borough, 235 Pa. 536), or by long continued user by the public as a way (Ackerman v. City of Williamsport, 227 Pa. 591), or a combination of municipal acts and public use (Kniss v. Borough of Duquesne, 255 Pa. 417). The mere dedication of a street, or its adoption as such by the municipality, is not an acceptance of it so as to make it a public highway (Fleck v. Collins, 28 Pa. Superior Ct. 443, 449); such acts are merely equivalent to a plotting or laying out; it is nothing but a paper street.

Evidence to establish an acceptance of a dedication by user should be of the same quality as that necessary to establish a way by dedication. The continuity of the acts necessary, and the time during which they take place, or their duration, cannot be confined to any fixed rule. All authorities agree, however, that there must be unequivocal acts, continued during a long time, to show beyond question the intention on the part of the munic-

ipality to accept the proposed street as a public high-
way. The evidence to sustain this intent must be clear
and convincing: Kniss v. Borough of Duquesne, supra.
While the use should be such as the nature and character
of the place is susceptible of, yet, because of the legal
consequences that flow from the act of acceptance, the
intent to accept a public highway must clearly appear,
and not be the subject of doubt. Not only must the acts
be continuous (Ackerman v. City of Williamsport, su-
pra) and for a long period (Kniss v. Borough of Du-
quesne, supra), but they must be open and notorious.
They must also be based on an undoubted claim of right
in those using the way, and not be acts by permission of
the owner of the fee. Mere occasional use, or inconse-
quential acts for the convenience of the municipality,
will not be sufficient to convert a dedication into a pub-
lic way: Steel v. Huntingdon Borough, supra.

It would be dangerous doctrine to hold that the use
of dedicated land in a particular way was evidence of an
acceptance without showing how this use came about,
and that the use was by the public generally as a matter
of right. For illustration: in this case, a chute was con-
structed from the top of the hill to the river (waiving
for the time being the question of whether any of it was
in the street as laid out) and used for shunting logs to
the river. This may have been done by the owner of the
fee or by others with his permission, and he may have
charged for this privilege. Such a use of the street,
without more, is not a public use; it establishes no con-
crete fact as it relates to acceptance: Wahl v. McKees
Rocks Borough, supra; Commonwealth v. Wharton
Barker, 140 Pa. 189.

Where one sets up the existence of a public highway,
the burden is on him to prove it by clear and convincing
evidence. The burden here is on the municipality. Sup-
pose the facts of this case were reversed, and that this
was an action against the borough for damages resulting
from its failure to keep the roadway in repair. In view

of the many hundreds of streets such as the one in question in this Commonwealth, and the resulting consequences of holding municipalities liable for their condition, a court would be traveling a dangerous path if it were to hold evidence such as that presented here sufficient to establish an acceptance.

Then, the law fixes a time limit within which an acceptance must take place. If this is not done within twenty-one years after the dedication, the right to accept is gone. The Act of May 9, 1889, P. L. 173, (substantially reënacted as to boroughs by the Act of May 14, 1915, P. L. 312, 346,) bears directly on the dedication and user, where the latter does not amount to an acceptance: Quicksall v. Phila., 177 Pa. 301. That is to say, when land had previously been dedicated, but had not been accepted, the act applies, and, at the expiration of twenty-one years from the date of dedication, the offer expires. Where an acceptance takes place, the contract is complete; consequently, under the terms of the Act of 1889, it has no application and no question arises as to whether it is retroactive. As stated by the present Chief Justice in State Road, 236 Pa. 141, 144, "Aside from the Act of 1889, the city was unlimited in the time given by law in which to accept this dedication, 'the act established a limitation of time where none before existed': Quicksall v. Phila., 177 Pa. 301, 305...... [It] has no application to an old road or street opened and used prior to its passage: Osterheldt v. Phila., 195 Pa. 355; or to the widening thereof through land previously dedicated as a part of the highway;...... [It] relates to what......would be......streets laid out by owners thereof but not opened or used by the public for 'twenty-one years next after the laying out of the same'; and its purpose is [after the expiration of that length of time] 'to relieve land upon which streets have been laid out by the owner' from the servitude thus imposed."

But where the use of a dedicated way has been sufficient to amount to an acceptance as a public way, the

mere fact that the use covers only a part of the dedicated width will not deprive the municipality of the whole width as dedicated, the Act of 1889 notwithstanding: State Road, supra; Hileman v. Hollidaysburg Borough, 47 Pa. Superior Ct. 41, 49. This is subject to an important qualification. When the municipality, through one of its officers, fixes the lines of a street or highway, and property is built on the lines as given, such acts will estop the municipality from claiming that the building is an encroachment. As stated in Lenhart v. Wright, 286 Pa. 351, 355, "where a definite boundary line is disclosed by the presence of some building or fence placed,......by direction or with consent, of the duly authorized officers, or the line has been subsequently fixed and designated by them, an estoppel may be worked, so as later to prevent an alteration of the situation to the detriment of the abutting owner." Consequently, if the user of a part of the alleged highway from the top of the hill to the Delaware River had been made to appear, the municipality could have claimed its entire width. But evidence of zigzag paths (not entirely within the lines of the proposed highway) used in the manner described by the witnesses, was obviously insufficient for this purpose. The mere fact of the use of a part of the way longitudinally, and its acceptance by the municipality as a public street over the part so used, does not draw to it another part of the same highway or street not so used or accepted. A use, under the law, covers only so much of the street on and over which the use takes place; it cannot be made to embrace and include longitudinal extensions not so used and accepted: Oakley v. Luzerne Borough, 25 Pa. Superior Ct. 425; Commonwealth v. Royce, 152 Pa. 86; Lenhart v. Wright, supra.

In ascertaining whether an acceptance has taken place, the question is purely one of fact. And where the trier of the facts, in considering the evidence, finds that the municipality has not accepted the dedication, his

conclusion is final, unless the finding is the result of capriciousness of the fact finder. A reviewing authority will not arbitrarily disregard the trier's right to pass on the credibility of the witnesses, and substitute its judgment for that of the fact finder. Especially is this emphasized when the evidence before the fact-finder is disputed, as it was in this case. We have repeatedly stated that the findings of fact of a chancellor have the force and effect of the verdict of a jury, and will not be disturbed if there is evidence to support them: Glenn v. Trees, 276 Pa. 165, 167, and cases there cited. In reviewing an appeal from the Superior Court in Platt-Barber Co. v. Groves, 193 Pa. 475, we stated that the case was peculiarly one for the application of the general rule that the findings of an auditor on the facts should not be reversed except for very plain error.

The chancellor who heard this case found as a fact that the municipality had not accepted the way. He had the benefit of seeing the witnesses and hearing their testimony, and was in a better position to determine their credibility than the judges of an appellate court. The rule above announced is as much binding on the Superior Court as it is on this court. The question at issue in the court below was purely one of fact and the learned judge took into consideration the legal principles above announced as applicable to the facts of the case; he also reached a conclusion on the facts clearly justified by the evidence, which was meager and disputed. But even if our judgment on it should be different, under the rule above announced, the chancellor's finding must stand. Should the borough wish to open this street or any highway to the river, they have that right under the law by eminent domain.

The decree of the Superior Court is reversed and that of the common pleas is reinstated at appellee's cost.