# Mynyk's Appeal.

Argued March 1, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Walter L. Hill, Jr.,* with him *Joseph C. Kreder* and *Harris, Warren, Hill & Henkelman,* for appellant.

*S. U. Colbassani,* for appellee.

OPINION BY ERVIN, J., April 15, 1954:

This is an appeal by Theodore Mynyk from an order of the court below giving its consent and approval to a resolution adopted by the supervisors of Ransom Township, a township of the second class, accepting the dedication of Watzel Avenue as a public highway. The petition was presented in accordance with Sec. 1147 of "The Second Class Township Code" (1947, July 10, P. L. 1481; 53 PS 19093-1147). On November 19, 1886 John Watzel, being the owner of a tract of land, recorded a plan dividing his land into lots and streets. Thereafter Watzel sold to various purchasers lots abutting on Watzel Avenue, numbered in accordance with and referring to said plan. Watzel Avenue was opened for about three-quarters of its length and has been used as a public road for many years. The remaining 450 feet of Watzel Avenue was never opened and it is this portion of the avenue, as shown on the plan, that the township now seeks to accept and open. The unopened portion of Watzel Avenue, together with the lots abutting thereon, has been occupied as a single farm by the appellant and his predecessors in title at least since the 1890's. Although the statute makes no provision for notice, objection or hearing, counsel for the township notified appellant of the proposed petition and appellant, by his counsel, objected to the approval of the petition, contending that any public right by

virtue of the dedication of 1886 was long since gone by reason of the Act of 1889, May 9, P. L. 173 (36 PS 1961), infra.

The lower court said that appellant's objection should not be litigated on an application for consent to accept the dedicated street.

We are in accord that the action of the lower court was in error. The Act of 1889 is applicable to this situation. What Mr. Justice FELL, in *Quicksall v. Phila.,* 177 Pa. 301, at page 304, 35 A. 609, so well said, applies to this case:

"The dedication by the plaintiffs' grantors in 1848 operated as a relinquishment of all claims for damages for the use of the land within the lines of the streets for street purposes, and no claim for damages can be sustained unless by reason of the act of May 9, 1889, P. L. 173. The language of the act is: 'That any street, lane or alley laid out by any person or persons in any village or town plot or plan of lots on lands owned by such person or persons, in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened without the consent of the owner or owners of the land on which the same has been, or shall be, laid out.' The purpose of the act is to relieve land upon which streets have been laid out by the owner, but not opened or used for twenty-one years, from the servitude imposed. To what extent it may affect the rights of those who by purchase of lots within the tract have acquired the right of the use of all the streets marked on the plan we need not now inquire. We have before us only the question of the right of the municipality to open the streets without compensation by reason of the dedication in 1848. As against this right the act establishes a limitation of time where none before existed. The

streets were laid out forty-four years before the commencement of these proceedings. They have not been opened to, or used by, the public. During the whole of this time the beds of the streets have been in the possession of the abutting owners, and used by them for the purpose of quarrying stone. No possession or use was claimed by others. The case, we think, comes within the meaning of the act of 1889, and it is now too late for the city to assert the right founded upon the dedication in 1848."

What Mr. Justice BROWN said in *Woodward v. Pittsburg,* 194 Pa. 193, at page 196, 45 A. 91, is applicable to this case:

"This street as laid out was fifty feet wide, and if it was on the plan as adopted by Watson at the time he sold to Woodward in May, 1874, the latter acquired a fee to the middle of it."

See also: *Milford Borough v. Burnett,* 288 Pa. 434, 136 A. 669; *Westmoreland C. & C. Co. v. Public Service Commission,* 293 Pa. 326, 142 A. 867; *Phila. Elec. Co. v. Phila.,* 303 Pa. 422, 154 A. 492; 7 A.L.R. 2d, 607, 623.

The lower court stated that Mynyk's claim to ownership of the bed of the street now sought to be opened, or his right to damages, if any there be, might be litigated when the township actually opens the street. There is no good reason why this question should not be determined in the present proceeding. This is an application to the Court of Quarter Sessions for consent to accept a dedicated street so that it might become a public road. If, by virtue of the Act of 1889, the offer to dedicate was terminated by law, there was nothing to accept and nothing for approval. Why should the court do a futile thing? The owner need not wait until a physical taking and then raise the question in a jury of view proceedings to assess dam-

ages. In *Shamokin v. Helt,* 250 Pa. 80, 95 A. 385, the same question was determined in a case wherein an issue was framed to determine the title to the land in question. If the lower court had refused its consent, the township would have been relegated to eminent domain proceedings under Sec. 1101 of "The Second Class Township Code."

The appellee argues that the Act of 1889 is not retroactive and cites certain cases in support of the argument. A careful reading of those cases will reveal that the streets had been actually accepted by the municipality or opened and used prior to the passage of the Act of 1889.

It was also argued by appellee that acceptance of three-fourths of the longitudinal distance of the streets was an acceptance of the whole. This argument was completely disposed of by Mr. Justice KEPHART in *Milford Borough v. Burnett,* 288 Pa. 434, at page 441, 136 A. 669, in the following language:

"The mere fact of the use of a part of the way longitudinally, and its acceptance by the municipality as a public street over the part so used, does not draw to it another part of the same highway or street not so used or accepted. A use, under the law, covers only so much of the street on and over which the use takes place; it cannot be made to embrace and include longitudinal extensions not so used and accepted: Oakley v. Luzerne Borough, 25 Pa. Superior Ct. 425; Commonwealth v. Royce, 152 Pa. 86; Lenhart v. Wright, supra."

Order reversed.