## Travaglia *v.* Weinel, Appellant.

Argued November 9, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Marquis M. Smith,* for appellants.

*Myron W. Lamproplos,* with him *Cassidy & Lamproplos,* for appellees.

OPINION BY ERVIN, J., December 17, 1959:

The only question presented by this appeal is whether the Act of May 9, 1889, P. L. 173, 36 PS §1961, which provides that "Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened. . . .", terminated private ease-

ments as well as public rights in Fourth Street in the Plan of Chambers.

The Plan of Chambers was laid out by the owners in May 1887, the survey and plan having been made by R. D. Wilson, Engineer, designating certain streets, avenues and alleys as well as the lots fronting thereon. The plaintiffs and defendants are owners of certain lots in the aforesaid Plan of Chambers which they acquired from their predecessors in title by deeds which described the lots and the streets upon which they abut, in accordance with and by reference to the aforesaid plan. The lot of the plaintiffs Travaglia is located on the southeast corner of Fourth Street and Chambers Avenue. Fourth Street runs in a northerly and southerly direction and Chambers Avenue runs in an easterly and westerly direction. The lot of plaintiff Gais is located on the southwest corner of Fourth Street and Chambers Avenue and the lots of the plaintiffs Deemer and Hartman are located on the southerly side of Chambers Avenue, west of Fourth Street. The lots of the defendants, the Weinels, are located on the northwesterly corner of Fourth Street and Chambers Avenue. On September 25, 1950 the defendants erected a fence across a portion of the ground which is indicated on the plan as Fourth Street and have refused entry on or through the portion shown as Fourth Street. The portion of Fourth Street which abuts the Weinel property had never been opened and used as a public highway nor was the offer to dedicate ever accepted by the township. The court below restrained the defendants from obstructing or interfering with the use by the plaintiffs of the easement of ingress and egress over Fourth Street as shown on the Plan of Chambers and directed the defendants to remove the fence which they had erected across Fourth Street. The defendants took this appeal.

We are in accord with the action taken by the court below, it being expressly ruled by the case of *Rahn v. Hess*, 378 Pa. 264, 271, 106 A. 2d 461, wherein Mr. Justice CHIDSEY, speaking for the Court, said: "The only other issue presented for our consideration is whether the Act of 1889 terminated private easements as well as public rights in the street, as contended by the defendants. The precise question has never been passed upon by this Court, but we have recognized a clear distinction between the public right of passage over dedicated streets and the individual rights of property involved in such dedication. The latter are private contractual rights resulting as a legal consequence from the implied covenants under which the grantees purchased, and as such are not affected by the failure of the municipalities to act upon the dedication: See Chambersburg Shoe Mfg. Co. v. Cumberland Valley Railroad Co., 240 Pa. 519, 522, 87 A. 968; O'Donnell v. Pittsburgh, 234 Pa. 401, 410, 83 A. 314. In Carroll v. Asbury, 28 Pa. Superior Ct. 354, 359, it was said that '. . . The right which the plaintiff acquired to use the street was not, however, dependent upon the acceptance or rejection by the public of the dedication. . . .' There is also language by this Court in Mitchell v. Bovard et al., 279 Pa. 50, 123 A. 588, which indicates that we have recognized the inapplicability of the Act of 1889 to the private contract between the grantor and his grantee. Mr. Justice SADLER, speaking for the Court at p. 53 states that 'In so far as the public is concerned, any privileges which it might have secured were lost by a failure to take over the highway within twenty-one years, since our statute so provides: Act May 9, 1889, P. L. 173; Stivason v. Serene, 80 Pa. Superior Ct. 1. The individual purchasers of lots, however, acquired rights which are entitled to protection, unless in some legally recognized way the easement has

been surrendered. . . .' Although this statement by Mr. Justice SADLER may be considered dictum only because it was not necessary for the decision of the case, we subscribe to the distinction drawn by him for we find nothing contained within the provisions of the Act of 1889 denoting any intent to affect purely private rights."

The defendants endeavor to distinguish this case from the *Rahn* case on the ground that the plaintiffs are not denied access to their respective lots by reason of the obstruction of Fourth Street. This question has been clearly ruled in the case of *Chambersburg Shoe Mfg. Co. v. Cumberland Valley Railroad Co.*, 240 Pa. 519, 527, 87 A. 968, in the following language: "The land of appellant did not abut on the vacated streets and this is an important fact to be considered in the assessment of damages, but our cases hold that the purchasers of lots from the proprietor of a plan upon which streets are plotted, acquire an easement in all the streets of the plan, and that this easement is appurtenant to the land of every lot owner." See also *Cohen v. Simpson Real Estate Corp.*, 385 Pa. 352, 355, 356, 123 A. 2d 715.

The appellants cite the case of *Milford Boro v. Burnett*, 288 Pa. 434, 136 A. 669, but this case involved an attempt by the borough to restrain the owner from building a wall across a paper street which had never been opened. Appellants also cite the case of *Mynyk's Appeal*, 175 Pa. Superior Ct. 339, 104 A. 2d 173. This case also involved the attempt of the township to have a resolution accepting the dedication of Watzel Avenue as a public highway approved by the court. We held that the 21-year period having passed without an acceptance of the dedication, it was too late for the township to accept the same. We expressly said, at page 341: "To what extent it may affect the rights of

328

those who by purchase of lots within the tract have acquired the right of the use of all the streets marked on the plan we need not now inquire." In neither of the two above cases was a property owner endeavoring to protect his own individual contract rights.

Decree affirmed.