420 A.2d 616

Samuel H. BURGER and Loraine Burger, his wife, and William C. McMenamin and Dorothy M. McMenamin, his wife, Appellants,

v.

ROCKHILL BUILDERS, INC., David E. Knipe and Son, Inc., Jude Construction, Gilbert Associates, Inc., Tri–State Engineers and Land Surveyors, Inc., John McGowan and James Keenan t/a McGowan and Keenan, and Northampton Municipal Authority.

Superior Court of Pennsylvania.

Argued June 5, 1979.

Filed June 13, 1980.

432

Peter A. Glascott, Doylestown, for appellants.

Gene E. K. Pratter, Philadelphia, for appellees.

Before PRICE, GATES and DOWLING, JJ.*

PRICE, Judge:

Appellants have appealed from an order by the chancellor sustaining appellees' demurrers to their amended complaint in equity. Finding no error, we affirm.

Appellants are property owners in a subdivision known as Ironworks Creek Estates, Northampton Township, Bucks County. By deeds executed December 15, 1976, and March 29, 1977, appellants McMenamin and Burger acquired lots 9 and 8 respectively in Ironworks Creek Estates from the developers, appellees McGowan and Keenan. Both deeds contained the following provision describing the tracts in question:

"ALL THAT CERTAIN lot or pieces of land . . . bounded and described in accordance with Final Plan of Ironworks

---

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

Creek Est. made by Tri–State Engineers & Land Surveyors, Inc., dated 9/22/1975, last revised 3/16/1975, . . . ."

The final plan referred to in the deeds, was recorded on September 22, 1975, and showed a subdivision of nine tracts of land. The northernmost portion of lots 1 through 7 contained a "sanitary sewer easement" thirty feet wide. This connects to what is labeled a "proposed easement" of the same width which extended through a portion of lot 7 and through the entire portion of appellants' lots 8 and 9. An additional recitation on the plan is labeled "temporary working easement" of a width of ten feet and is located adjacent to the "proposed easement."

During the summer of 1977, appellee Jude Construction Company, against the protest of appellants, began excavation for sewer lines on appellants' lots within the thirty–foot area marked "proposed easement." On September 13, 1977, appellants filed a praecipe for a writ of summons. After completion of discovery, a complaint was filed in equity on February 28, 1978, requesting the removal of the sewer line or, in the alternative, recovery for the damage caused by Jude Construction and the other contractors, sub–contractors, engineering firms and the municipal authority involved in the installation and construction of the sewer lines. Appellants' theory in support of their complaint was that the designation on the final plan of Ironworks Creek Estates of a "proposed easement" was insufficient to create an easement authorizing appellees to install the sewer line on their property. Appellees filed preliminary objections demurring to the complaint which were sustained by the trial court.

■ In resolving this dispute, we find that appellants' disclaimer as to the creation of easements by reference to a map or plot, *see Vinso v. Mingo*, 162 Pa.Super. 285, 57 A.2d 583 (1948), is misplaced, for the reason that this principle is applicable only to easements for private purposes. *See* 3 Powell on Real Property ¶ 409 n. 7 (1979). Rather, the issue in the instant case involves a dedication of property for public use.

■ When determining if property has been dedicated for public use, the general contract principles of offer and acceptance are employed.

> "Dedication rests upon the intention of the owners, and the circumstances must indicate an abandonment of the property to the community. [Citations omitted]. No particular formality is requisite to constitute a dedication upon the part of the owner. Any act which clearly indicates an intention to dedicate is sufficient." *Vendetti Appeal*, 181 Pa.Super. 214, 220, 124 A.2d 448, 451 (1956).

*See Horsham Township v. Weiner*, 435 Pa. 35, 255 A.2d 126 (1969); *Coffin v. Old Orchard Development Corp.*, 408 Pa. 487, 186 A.2d 906 (1962). In the instant case, the recordation of the final plan by appellees McGowan and Keenan on September 22, 1975, would constitute an offer to dedicate the interest shown thereon to the public, *see Reed v. Reese*, 473 Pa. 321, 374 A.2d 665 (1976), and this offer remained outstanding until revoked,[1] *see Hankin v. Harbison*, 443 Pa. 196, 279 A.2d 36 (1971); *Milford Borough v. Burnett*, 288 Pa. 434, 136 A. 669 (1927); *Wynn Appeal*, 188 Pa.Super. 499, 149 A.2d 149 (1959). Thereafter, any "unequivocal authoritative acts" by the public authority establishes an acceptance of the offer of dedication. *Tri City Broadcasting Co. v. Howell*, 429 Pa. 424, 426, 240 A.2d 556, 558 (1968). *See Boyer v. Baker*, 196 Pa.Super. 405, 175 A.2d 143 (1961). Once accepted, a common law dedication creates an easement right in the accepting public authority. *See In re City of Altoona*, 479 Pa. 252, 388 A.2d 313 (1978); *Horsham Township v. Weiner, supra.*

■ Applying these principles, we conclude that the Municipal Authority was vested with an easement by reason of common law dedication to enter onto appellants' property to install the sewer lines. The recordation of the final plan of Ironworks Creek Estates on September 22, 1975, showing the proposed easement was an outstanding offer to dedicate

---

1. We note that the Act of May 9, 1889, P.L. 173, § 1, 36 P.S. § 1961, establishes a time limit of twenty–one years for the acceptance of "[a]ny street, lane or alley" dedicated to public use. No such statutory limitation applies to the interest involved in this case.

it to a public purpose, and the entry by the Municipal Authority onto the land in the summer of 1977 was an acceptance of that offer. *Cf. Wynn Appeal, supra.* Thus, appellees' construction of the sewer lines was authorized and was not hostile to the property interests of appellants.

■ Appellants contend, however, that reliance upon the final plan of Ironworks Creek Estates to establish the public dedication is improper because it fails to disclose the exact nature of the dedicated interest. In support of this proposition, appellants rely on the designation on the final plan of the right of way as a "proposed" easement as evidencing an ambiguous and undefined interest rather than a right presently existing.

As our supreme court has stated:

"To ascertain the nature of the easement created by an express grant [2] we determine the intention of the parties ascertained from the language of the instrument. Such intention is determined by a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made." *Merrill v. Manufacturers Light and Heat Co.,* 409 Pa. 68, 73, 185 A.2d 573, 575 (1962) (footnote added). *See Commonwealth v. Fitzmartin,* 376 Pa. 390, 102 A.2d 893 (1954).

■ In light of the above, our examination of the pertinent documents indicates that the interest was sufficiently defined to establish a presently existing right at the time the offer of dedication was made to the proper governing authority. The final plan for Ironworks Creek Estates showed a thirty–foot "sanitary sewer easement" that connected to the "proposed easement" of equal size extending through appellants' property. Moreover, the general notes accompanying the final plan indicated that "all lots be serviced by public water & public sewer." (Record at 25a).

---

**2.** A dedication arising from a subdivision plan showing the nature of the interest is deemed to have arisen by express grant. *See Milford Borough v. Burnett, supra.*

Therefore, we believe the evidence available to the chancellor leaves no doubt as to the purpose of the proposed easement and as to the parties to whom the easement right vested. It indicates a specifically defined easement to enter onto appellants' land for the purpose of installing the sewer facilities planned by the Municipal Authority.

In addition, we find appellants' claim that the designation of the right as a "proposed" easement evidences an undefined and non–existent right to be without merit. In *Krill v. Petitto*, 405 Pa. 203, 175 A.2d 54 (1961), our supreme court was required to interpret a provision in a 1949 deed reserving to the grantor the right to recover damages from the "proposed re–location" of a road extending through the property. At the time of the conveyance, there was in existence a plan completed in 1946 to relocate the road. That plan was carried out in 1952, and the grantor was paid $950 for the condemnation. Thereafter, in 1957, a second plan to relocate the road was developed, and the original grantor claimed that she was also entitled to damages for that relocation under the 1949 deed reservation. In dismissing this contention, the supreme court relied primarily upon the language in the deed reserving recovery for the then "proposed re–location" as limiting the grantor's claim to the relocation existing at the time the deed was executed in 1949. In so holding, the court stated,

> "To propose means 'to set before the mind; to bring forward to state; propound.' *'Proposed'* is obviously the past tense of 'propose' and therefore means that the proposition, whatever it may be, *has been set* before the mind, it *has been brought forward*, it *has been stated*, it *has been propounded.* *'Proposed* relocation' cannot possibly mean to propose in the future." *Id.*, 405 Pa. at 206, 175 A.2d at 55, *quoting in part*, Webster's New International Dictionary, 2d ed. (emphasis in original).

*Cf. Chapleski v. Department of Transportation*, 5 Pa. Cmwlth. 482, 291 A.2d 360 (1972) (permitting recovery for relocation occurring nine years after conveyance in part because conveyance did not restrict damages to only "proposed" relocations).

Viewing all of the evidence, we conclude that the extent of the dedicated interest was specifically designated, and the labeling of that interest as a "proposed" easement did not create an ambiguity, but rather, delineated an interest presently defined.

The order of the chancellor is affirmed.