## Shafer v. Waite

C.P. of Fulton County, no. 191 of 1997-C.

*J. McDowell Sharpe,* for plaintiffs
*James M. Schall,* for defendant.
*Bryan K. Shreckengost, Jeffrey B. Rettig, Travis L. Kendall* and *Mary Lou Maierhofer,* for additional defendants.

HERMAN, *J.,* October 27, 1999—

## INTRODUCTION

Plaintiffs Patrick and Glenda Shafer filed a complaint seeking $103,936.77 for flood damage to their home on lot 27 in the Cold Spring Acres Phase III Development in Todd Township, Fulton County. The Shafers filed suit against the builder, Fred Waite, alleging negligence and breach of implied warranties. Mr. Waite filed a joinder complaint against additional defendants John and Polly Shimer, the subdivision's owners and developers. Mr. Waite also joined Todd Township as an additional defendant. Before the court is the township's motion for summary judgment to Waite's joinder complaint. Waite and the Shimers oppose the township's motion. Argument was held and counsel submitted briefs to the court. This matter is ready for decision.

## BACKGROUND

John and Polly Shimer purchased farmland in Todd Township in the late 1960s from a Mr. and Mrs. Cooper. An open drainage ditch channeling an east-west tributary of nearby Cove Creek ran through the property. A 12-15-inch steel pipe had been laid in the ditch and channeled the tributary under a north-south dirt road which later became known as Cooper Lane. Mr. Shimer removed the pipe and submitted a subdivision plan for phase III to the Todd Township supervisors on October 3, 1988. The plan featured the drainage ditch as an easement running east-west between lots 26 and 27, passing under Cooper Lane and continuing between lots 2 and 3. The plan also indicated the existence of a 36-inch reinforced concrete pipe within the drainage easement between lots 2 and 3. The township approved the plan at a public meeting on October 6, 1988.[1] Mr. Shimer then extended the pipe between lots 26 and 27, backfilled the open drainage ditch and graded the lot.

The Shimers owned a 50-foot right-of-way over Cooper Lane which runs (roughly) north-south through the phase III development. The Shimers deeded this right-of-way (and other roads within the development) to the township by deed of dedication on December 6, 1991: "Said grantors desire to grant an easement over said roads for the use of themselves and the general public and also to offer said roads or streets to the grantee herein for the purpose of dedication as public roads . . . ." The town-

---

1. The subdivision plan submitted to the township for approval appears in the record as defendant's exhibit no. 1 attached to the deposition of John R. Shimer. The Shimers filed the approved plan with the Fulton County Recorder of Deeds on July 21, 1989.

ship assumed ownership of Cooper Lane by a resolution dated April 5, 1992 but the drainage easement containing the concrete piping was never deeded to the township and remained the property of the Shimers.[2]

Mr. Waite purchased lot 27 from the Shimers in 1993 and began building a spec house in early 1994. He extended the drainage piping within the easement an additional 20 feet and regraded the lot. The Shafers purchased the lot and house from Mr. Waite on September 28, 1994. Their house was damaged in January of 1996 and again in September of that year when the Cove Creek tributary overflowed its banks and flooded lot 27. The storm water dammed up at the mouth of the 36-inch pipe and was diverted toward the Shafers' house.

## DISCUSSION

Mr. Waite alleges the township was negligent in approving Mr. Shimer's subdivision plan. Specifically, he contends the township did not properly size the culvert for the channeling of water from the Cove Creek tributary through the development and under Cooper Lane, and should not have approved Mr. Shimer's subdivision plan without an engineering study of the anticipated storm water flow. Mr. Waite also alleges Mr. Shimer's work violated the subdivision plan and this violation went

---

2. Both the deed of dedication and the township resolution appear in exhibit D of Mr. Shimer's deposition. The resolution states: "Be it resolved that the Todd Township supervisors of Fulton County do hereby agree to assume ownership of Cooper Lane extension . . . previously owned by John R. Shimer and Polly Shimer."

undetected because the township did not inspect Mr. Shimer's work after it approved the plan.[3]

The Shimers allege that "Todd Township, by accepting the deed of dedication of Cooper Lane from Shimers, accepted full responsibility for the adequacy and maintenance of all drainage culverts and channels associated therewith, including the 36-inch concrete drainage culvert and drainage easement between lots 27 and 26, and thereby accepted all risk and responsibility with regard to the culvert and drainage easement." (Paragraph 28 of the Shimers' answer with new matter to Waite's joinder complaint.) The township asserts immunity from suit under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq.

Summary judgment is governed by Pennsylvania Rule of Civil Procedure 1035.2 which states:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) when there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at

---

3. Mr. Waite also alleged in paragraph 22 of his joinder complaint that the township was negligent for failing to enforce its building permit ordinance by issuing a building permit to Mr. Waite without determining whether the lot was in a flood-prone area. He did not pursue this allegation at oral argument or in his brief and has therefore waived it.

trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

The nonmoving party must come forward with evidence showing the existence of facts essential to his cause of action. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996). At the same time, the court, in reviewing the motion, must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303 (1992).

The Tort Claims Act provides: "[e]xcept as otherwise provided . . . no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541. Section 8542 provides for several exceptions to immunity:

"(a) Liability imposed—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having [immunity]; and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b) . . . ."

Section 8542(b) sets forth eight categories which may trigger liability on the part of a local agency. The claimant must satisfy a two-prong test. He must have a common-law or statutory cause of action against the agency, and his claim must fall within one of the exceptions to immunity under section 8542(b). *Mickle v. City of Philadelphia,* 669 A.2d 520 (Pa. Commw. 1996). Only three of those exceptions arguably apply to this case:

"(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(3) Real property.—The care, custody or control of real property in the possession of the local agency . . .

"(5) Utility service facilities.—A dangerous condition of the facilities of stream, sewer, water, gas or electric systems *owned by* the local agency . . .

"(6) Streets.—

"(I) A dangerous condition of streets *owned by* the local agency . . . ." (emphasis added)

These exceptions must be narrowly interpreted in light of the clear legislative intent to shield political subdivisions from tort liability. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). We find the township is entitled to summary judgment because the two-prong test under section 8542 has not been satisfied.

### A. *There Is No Viable Common-Law or Statutory Cause of Action Against the Township*

Mr. Waite contends the township was negligent for failing to enforce its own ordinance by not requiring Mr. Shimer to do a storm water management study to determine if the 36-inch pipe was adequate to handle any water which might flow through the subdivision. Although the

ordinance was amended in 1996 to require such a study before a subdivision plan's approval, it appears the ordinance in effect in 1988 did not feature that requirement, nor did it specify the particular size piping to be used in residential subdivisions. In this connection, we must point out that we cannot review the 1988 ordinance because it was not made part of the record. Our knowledge of the ordinance comes from the deposition of Stanley Mellott, who was a township supervisor in 1988. Mr. Mellott testified the ordinance in effect at the time the Shimers' plan was approved contained no guidance on pipe size and did not require a storm water management study.

The absence of the 1988 ordinance from the record poses no difficulties because, even if it required an engineering study and particular size piping, a local agency does not have an affirmative duty to enforce its ordinances because enacting an ordinance does not give the agency sufficient control over real property to constitute possession for purposes of section 8542(b)(3). *Buffalini by Buffalini v. Shrader,* 112 Pa. Commw. 228, 535 A.2d 684 (1987); *Chacko v. PennDOT,* 148 Pa. Commw. 494, 611 A.2d 1346 (1992); *Leggieri v. Township of Haverford,* 98 Pa. Commw. 646, 511 A.2d 955 (1986), *overruled on other grounds, Graybill v. Providence Township,* 140 Pa. Commw. 505, 593 A.2d 1314 (1991). The drainage easement and piping were not in the township's "possession" or "care, custody or control" for purposes of establishing an exception to immunity under section 8541 because such possession or control must be total and exclusive. *City of Pittsburgh v. Stahlman,* 677 A.2d 384 (Pa. Commw. 1996).

Another reason we are not stymied by the absence of the 1988 ordinance from the record is that negligent ap-

proval of a subdivision is not a viable cause of action. *Leggieri, supra; Pastore v. Commonwealth, State System of Higher Education,* 152 Pa. Commw. 111, 618 A.2d 1118 (1992); *Smith v. Neshaminy Holding Co.,* 41 D.&C.3d 255 (1984). Equally untenable is the contention the township was negligent for not discovering Mr. Shimer's alleged deviation from the approved plan because there is no authority for the proposition that the township had a duty to inspect Mr. Shimer's work once it approved the plan.[4] Neither Mr. Waite nor the Shimers have pointed to a cognizable common-law theory of recovery against the township.

---

4. Mr. Waite argues the plan submitted to the township supervisors on October 3, 1988 and approved at the October 6, 1988 public meeting showed the drainage easement as an open swale containing the piping, but that Mr. Shimer filled in that swale surrounding the piping. Mr. Waite alleges the backfilling of the open swale resulted in the closed pipe being the storm water's only outlet when it overflowed the banks of the Cove Creek tributary and that an open swale would have been more effective in channeling the run-off away from the Shafer home. Whether Mr. Shafer in fact deviated from the approved plan is not an issue this court must decide because even if he did so deviate, there is no cognizable cause of action arising from a local agency's failure to inspect a developer's work

The township argues that, since a subdivision plan is not required to meet standards which do not appear in the local ordinance, the township would have had no legal basis for withholding approval of the Shimers' plan because the plan complied with the ordinance then in effect. *Broujos v. Carlisle Borough Council,* 685 A.2d 620 (Pa. Commw. 1996); *Akin v. South Middleton Township Zoning Hearing Board,* 120 Pa. Commw. 112, 547 A.2d 883 (1988). Although we recognize the cited precedents as correct statements of the law, we cannot rely on the township's argument on this issue because we cannot confirm first-hand whether, in fact, the 1988 ordinance required a storm water management study or particular size pipe to be used.

As a statutory basis for liability, Mr. Waite alleges the township approved the subdivision plan in the absence of a permit from DEP pursuant to section 25 of the Pennsylvania Code, section 105.11. Section 105.11(a) provides: "A person may not construct, operate, maintain, modify, enlarge or abandon a dam, water obstruction or encroachment without first obtaining a written permit from the department." This is not a cognizable cause of action because it is DEP which enforces those regulations, not the local agency. Furthermore, those regulations do not create a private cause of action.

Another statutory basis for township liability allegedly appears in section 67320 of the Second Class Township Code, 53 P.S. §65101 et seq., which provides:

"(a) The board of supervisors or its agents may enter any land or enclosures and cut, open, maintain and repair drains or ditches through the property when necessary to carry the water from the roads.

"(b) Any person who damages or diverts any drain or ditch without the authority of the board of supervisors commits a summary offense and is liable for the cost of restoring the drain or ditch . . . ." The Shimers rely on subsection (b) for the idea that the township assumed responsibility for the easement and piping. We disagree. When the two subsections are read together in order, it is clear this section of the code, entitled, "Power to open drains and ditches," merely allows the board of supervisors to take the necessary steps to remove water from roads to ensure safe passage, and prohibits individuals from undermining the township's work without its permission. It does not impose responsibility to act or liability for failure to act on the township, nor does it impose responsibility with regard to the actions of others

and therefore does not provide for a cause of action against the township under section 8542(a).

**B.** *Even if the Shimers and Mr. Waite Had a Viable Cause of Action Under Common Law or Statute, the Township's Actions Do Not Fall Within Any of the Exceptions to Immunity Set Forth in Section 8542(b)*

Mr. Waite and the Shimers contend the township would be subject to a viable cause of action for the drainage system's inadequacy under the real property exception to immunity in subsection (b)(3) because the township exercised control or possession over same by undertaking maintenance to that system. In support, they point to an incident in which the township received a complaint from the owner of lot 2 that water flowing from the pipe had eroded the soil, creating a large water hole which posed a potential danger to children in the development.[5] Concerned about a public safety hazard, the township contacted an excavator to fill the hole. The work was never performed because the January 1996 flooding occurred and state and federal emergency agencies came to repair flood damage in the phase III development and other parts of the township.

We disagree that exception (b)(3) applies because this suit does not involve "the care, custody or control of real property in the possession of the local agency . . . ." As discussed above, the township's limited actions do not constitute "possession" or "control" over either the drainage easement or the concrete piping sufficient to overcome immunity under section 8541. *Stahlman, supra; Sims v. Silver Springs-Martin Luther School,* 155 Pa.

---

5. The precise date of that complaint is not in the record.

Commw. 619, 625 A.2d 1297 (1993); *Prescott v. Philadelphia Housing Authority,* 124 Pa. Commw. 124, 555 A.2d 305 (1989); *York Redevelopment Authority v. Keener,* 101 Pa. Commw. 464, 516 A.2d 832 (1986); *Mentzer v. Ognibene,* 126 Pa. Commw. 178, 559 A.2d 79 (1989). The preliminary steps taken by the township to correct a public safety hazard did not constitute possession or control to the extent necessary to overcome its immunity under section 8541.

Mr. Waite and the Shimers next point to exception (b)(5) which would subject a local agency to a viable cause of action if a dangerous condition exists in the facilities of stream, sewer, water or other utility systems owned by the agency and located within rights-of-way. This exception does not apply because the township did not acquire ownership of the drainage easement and piping when it accepted dedication of Cooper Lane. Responsibility for the portion of the easement which passes under Cooper Lane cannot be imputed to the township because the dedication of Cooper Lane did not invest the township with fee title to the land on which the road sits and into which the pipe was laid. By acquiring ownership of the lane, the township acquired the right to use, maintain, regulate and control the property as a road for the public benefit, but the title to the land beneath the road, including the portion of land surrounding the concrete pipe, remained with the Shimers. *In re City of Altoona,* 479 Pa. 252, 388 A.2d 313 (1978); *Versailles Township Authority v. City of McKeesport,* 171 Pa. Super. 377, 90 A.2d 581 (1952). This is consistent with the well-established rule that interests in the surface and subsurface of realty can be separately conveyed and owned. *Einsig v. Pennsylvania Mines Corp.,* 69 Pa. Commw. 351,

452 A.2d 558 (1982); *Chartiers Block Coal Company v. Mellon,* 152 Pa. 286, 25 A. 597 (1893).

Dedication of land or an easement by an owner and a municipality's acceptance thereof are similar to offer and acceptance in the law of contracts. *Borough of Lehighton v. Katz,* 75 Pa. Commw. 388, 462 A.2d 889 (1983); *Tri-City Broadcasting Company v. Howell,* 429 Pa. 424, 240 A.2d 556 (1968). Where a deed of dedication exists, its express language determines the nature and scope of the easement being granted to the public's use. *Merrill v. Manufacturers Light & Heat Co.,* 409 Pa. 68, 185 A.2d 573 (1962); *Burger v. Rockhill Builders Inc.,* 278 Pa. Super. 430, 420 A.2d 616 (1980). If there is no written deed, dedication of land to public use is achieved only through an unequivocal act of the fee owner which indicates his clear intention that the land be accepted and used for a public purpose. *Coffin v. Old Orchard Development Corp.,* 408 Pa. 487, 186 A.2d 906 (1962). Any implied acceptance of an easement on the part of a municipality can be shown only by the municipality's unequivocal acts which continue over a long time, demonstrating beyond doubt the municipality's clear intent to accept the easement for public use. *National Christian Conference Center v. Schuylkill Township,* 142 Pa. Commw. 308, 597 A.2d 248 (1991). The township's single truncated attempt to remedy a safety hazard cannot be construed as an unequivocal acceptance of the drainage easement and piping.

In their attempt to shift liability onto the township, the Shimers also rely on *Piekarski v. Club Overlook Estates Inc.,* 281 Pa. Super. 162, 421 A.2d 1198 (1980), which held that a developer's negligent design or construction of a drainage system is cured by dedication of

that system to the township. *Piekarski* does not support the Shimers' position, however, because the drainage system in that case had been expressly dedicated to the local agency, in contrast to the case at bar in which no such dedication occurred.

Citing exception (b)(6) pertaining to dangerous conditions of township roads, the Shimers lastly argue the township accepted responsibility for the portion of the easement which passes under Cooper Lane when it accepted Cooper Lane. We disagree because the concrete pipe serves no purpose with respect to Cooper Lane. The subdivision plan clearly shows Cooper Lane was equipped with catch basins and drains specifically designed to keep storm water off its surface. Those drainage mechanisms are certainly an integral part of the road and, as such, are the township's responsibility. This is not the case with the easement and 36-inch concrete pipe, which is buried 10 feet below the surface of the road and was designed, not to remove surface water from Cooper Lane, but to channel water from a Cove Creek tributary under and through the phase III development.

Mr. Waite and the Shimers have not come forward with a viable cause of action against the township to overcome its immunity from suit under section 8541 of the Tort Claims Act. The township is therefore entitled to summary judgment. An appropriate order of court will be entered as part of this opinion.

## ORDER

Now, October 27, 1999, the motion for summary judgment filed by the additional defendant, the Township of Todd, is hereby granted.